The opinion of the court was delivered by
Kennedy, J.
The counsel of the defendants has made three objections to the recovery of the plaintiff; two of which go to the whole of his claim, and the third only to a part. The first is, that upwards of thirty years having elapsed, without any demand having been made of the rent, or payment thereof received, a release of the right to demand it ought to be presumed. The second is, that the payment of the annuity by the executors of Thomas Shoemaker was a satisfaction and discharge of the ground rent, as it became payable, on the lot in the tenure of the defendants; and, therefore, the plaintiff ought not to recover. The third is, that if neither the first nor the second should be considered available, still the plaintiff is not entitled to recover that portion of the rent claimed by him, which fell due twenty years before the commencement of his suit; *234 because, from the lapse of that period alone, it must be presumed to have been paid.
•In regard to the first objection; although it may be that the law will, in some cases, presume a grant in support of a right which has been exercised and enjoyed by a person, without objection or interruption, to the exclusion of all others, for a period of twenty years or more, yet it does not follow that it ought to make such a presumption, in order to defeat a person of a right created by deed and not controverted; without any thing being shown to have taken place in the conduct of the parties intrusted or concerned in the right, that was inconsistent with the existence and enjoyment of it. In this case, from 1798, the time when the defendants first became the owners of the lot, out of which the plaintiff claims the ground rent, it does not appear that any demand was made of the rent until 1829, shortly before the commencement of this action; nor that there ever was any refusal on the part of the defendants, until then, to pay it; so that the plaintiff, had he claimed the rent by virtue of a bare previous seisin thereof, could not before that be said to have been disseized of it. Until then, nothing that was obviously incompatible with his right.seems to have taken place. After this, he delayed no time in asserting his right by instituting this action forthe recovery of it. But the rent claimed by the plaintiff being founded upon a reservation contained in a deed; whether he was ever seized of it or not, can in no wise affect his right to a recovery thereof. The evidence of his right to it does not depend upon his having been seized of it, but upon the deed, which is established beyond all question, and the tenor and-effect whereof are too plain to be mistaken. This doctrine is fully established in Sir William Foster’s case, 8 Co. 129; where it was held that a want of seizin within forty years, in the party, or those under whom he claimed a rent, as in the present case, was no bar or objection under the provisions of 32 Hen. 8, C. 2, to his distraining for it: because the party’s right to the rent was evidenced by the reservation in the deed; and it was only where he was compelled, for want of such deed, to resort to evidence showing a seizin of the rent, in order to establish Jfis right to it, that this statute barred the claim, unless a seizin were proved to have existed within forty years. We have no statute barring the right of an owner to , an estate consisting of ground rent, through his neglect to assert it; nor yet to preclude him from recovering the rent itself, after any lapse of time. It is true that statutes of limitation, embracing legal estates or legal rights alone, have been extended and applied by courts of equity to estates and rights of an equitable character, in order to guard against evils attending the latter description of estates and rights similar to those provided for in respect to legal estates and legal rights by such statutes ; but they have never been extended by either courts of law or equity,,to estates or rights purely legal, not considered as coming within *235 either the letter, spirit, or meaning thereof. The ground rent, then, in question, being an estate purely legal, and there being no act or statute of ¡imitation in force here which comprehends it, it follows that the courts have no authority to interposq any limitation that would bar the plaintiff of his right to enjoy it. The exercise of such a power would not only seem to be intrenching upon the legislative province, but upon the constitutional right of the plaintiff, by depriving him of his estate, without having given him any previous warning of his danger, so as to enable him to guard against it. It is proper here to bear in mind that it is the title or right of the plaintiff to the rent, as his freehold estate, that we are considering, and not his right to receive and enforce the payment of the back rents; which are the fruits of it, and which he alleges to be due and unpaid ; because the rent, after it has become payable, is a mere debt or chose in action, which, from lapse of time, a jury might presume had been paid, in the absence of every thing tending to show the contrary; but still, the existence of the estate is not affected by such presumption, nor the right of the owner thereof to demand and recover the subsequent accruing rents. It is of the very essence of the estate here, that it should continue to exist according to its original limitation, contained in the reservation creating it; and accordingly it must endure for ever, unless destroyed or put an end to by some positive act of the party having the power to do so, or by act or operation of law.. But why should the neglect of the owner of the rent to demand it, after it has become payable for any given length of time, produce the same effect. Such neglect cannot in the least interfere with the rights of the owner of the lot; nor prejudice him in any way. He has a right to use, and to improve the lot if he pleases; and this is all perfectly consistent with the duty that he owes to the owner of the ground rent. Their respective estates are distinct, and susceptible of being fully enjoyed without conflict. Ground rents seem to have been enacted in this state, with a view to promote the improvement of unimproved lands, by affording to the grantees thereof the opportunity of employing their money in putting up dwelling and other houses thereon, instead of giving it to the grantors in payment of what would have been considered a fair price for the purchase of the fee simple in the land, without any reservation of rent. The rent reserved in such cases, forms the only and whole consideration that is to be paid for the land ; and the grantee is bound to pay it, only as long as the title which he receives from-the grantor proves sufficient to protect and secure him in the enjoyment of the land granted. Hence, the right of thq owner to the ground rent seems to be founded in great equity, as well as justice; and ought not, therefore, to be regarded with any disfavour. Such a thing as the extinguishment of a ground rent, by the owner thereof, has seldom, perhaps never, happened, without his executing a deed or instrument of *236 writing to that effect: which may be placed on record, and the owner of the ground be thus protected for ever after, against the payment of the rent. There would seem, therefore, to be little reason for presuming a release of the ground rent, merely from the delay of the owner in demanding it. Such presumption, if it were, to be made, would doubtless be contrary to the truth of the fact, in every case; and would certainly work injustice to the owner of the f(round rent. As long, therefore, as the ground rent can be shown d have been enacted by a valid deed, and the title thereto clearly be established in the party claiming it; mere lapse of time ought not to be considered sufficient to raise the presumption that it has been released.
As to the second objection, it seems to be founded upon an entire misapprehension of the motives which induced the executors of Thomas Shoemaker to pay the money annually to the plaintiff. The counsel of the defendants seems to regard it as if it had been paid by them in discharge of the ground rent, which became due annually from the defendants, upon the lot. But it is plain that the executors, not being able to ascertain where the ground rent was to come from, that was given by the will to the plaintiff for life; and conceiving that the testator intended he should have the sum of eight dollars paid to him annually out of his estate, with a view to carry the will of the testator, in this respect, into effect, paid to the plaintiff the annuity of that amount. But they certainly never even dreamed of paying it for the benefit of the owners of the lot, out of which the ground rent might be coming; nor with an intention to discharge either the owners or the lot from the payment of it. The money, then, paid by the executors, not being paid for the defendants ; nor with a view to benefit or release them from their liability to pay the ground rent; and it not appearing to have been received by the plaintiff'with any such view, it is difficult to discover any solid ground upon which the defendants can claim to be discharged from their duty to pay it. It is not the case of a debt owing by the defendants, beiug paid by the executors, cither with or without the knowledge of. the former; but the case of money advanced by the latter to the plaintiff', out of the estate of their testator, until it should be discovered where the lot of ground was situate, upon which the ground rent devised was reserved. In place, therefore, of considering the payment of the money by the executors, as a discharge of the rent as it fell due, it would certainly be much more rational to hold it to be an advancement by them to the plaintiff, to be reimbursed by him as soon as he should discover the lot on which the rent was reserved, and be enabled to recover it from the owners thereof. The transaction is susceptible of this construction; but whether it was paid with an understanding that it should be returned in any event or not, it is very manifest that it was neither paid nor received with a design that the defend *237 ants, or owners of the lot, should be released by it from their liability to pay the rent to the plaintiff: and it cannot be that the law will give such effect to it, contrary to the intention of both the payers and the receiver. We are therefore clearly of opinion, that the money paid by the executors to the plaintiff, ought not to be held a satisfaction of the ground rent as it became due ; and that the defendants have no claim to an exoneration from the payment of it on that ground.
The third objection is equally untenable .with the two first. In short, it is irreconcilable with the first; because a lapse of twenty years only raises a picsumption of payment, when nothing appears to rebut it. But the proposition upon which the defendants rest their first objection is, that no ground rent was ever demanded of them, and that they never paid any, although they had held the lot upwards of thirty years ; and, that., after such a length of time, it ought to be presumed that the plaintiff had -released his right to receive thb same; so that their first objection contains in it a distinct admission, on their part, that they have never paid any portion of the rent claimed by the plaintiff Besides, a lapse of twenty ,years, unconnected with repelling circumstances, is, at most, only evidence,, as it has been said, from which the jury, and not the court, are to draw the inference of payment; so that had the defendants intended to have made this any part of their defence, they ought to have submitted it as a fact to the jury, to be decided by them, under the direction of the court. This, however, could not have availed,, as long as they held to the first ground of their defence, which involved their admission that they had never paid any part of the rent claimed by the plaintiff
Judgment affirmed: