## Korn *versus* Browne.

64   55
152   260
64   55
187   109

64     55
185 US   60
185 US ¹ 63
e185 US ¹ 64

1. The 7th section of Act of April 27th 1858 (Limitation of Ground-Rents) is retrospective.

2. The lapse of twenty years without demand of payment is evidence from which a jury may presume payment of arrears of ground-rent.

3. The retrospective bar of the act is constitutional.

4. Without claim, demand, payment or acknowledgment of the existence of a ground-rent within twenty-one years, the Act of 1855 operates as an extinguishment, and the ground-rent is irrecoverable.

January 4th 1870.  Before THOMPSON, C. J., READ and SHARSWOOD, JJ.  AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia*: No. 417, to January Term 1869.

This was an action of covenant for ground-rent, by John C. Browne against John Collins, with notice to Henry Korn, terre-tenant.  The writ was issued April 14th 1868.  The case was tried January 25th 1869 before Ludlow, J.

On the 30th of January 1834, William P. Jones conveyed to John Collins a lot of ground, reserving a yearly ground-rent of $24, which ground-rent, on the 12th of October 1829, became vested in Anthony M. Zane.  On the 7th of March 1840, Korn recovered a judgment against Zane, under which the ground-rent was sold to H. B. Pennock, and the sheriff's deed acknowledged December 11th 1841.  It subsequently became vested in Thomas Pennington and was sold under a mortgage against him to the plaintiff. The sheriff's deed was acknowledged January 4th 1868.

The defendant gave in evidence a notice to plaintiff that on the trial he would be called on to prove the payment by defendant, or any one under him, of ground-rent within twenty-one years preceding the suit.  He also gave in evidence a deed of the ground-rent to himself from Zane, dated February 26th 1840. Also sale by the sheriff of a lot out of which the ground-rent issued; the deed having been acknowledged May 14th 1859, and conveyance by the sheriff's vendee to him April 19th 1861.  There was no evidence of the payment of any ground-rent.

The defendant asked the court to charge—

3. " If the jury find there has been no payment on this ground-rent to the plaintiff, or those under whom he claims, nor claim nor demand made therefor for twenty-one years preceding the commencement of this suit, and no declaration or acknowledgment made of the existence thereof by defendant or those under whom he claims for the like period, the verdict must be for the defendant."

The court answered: " I do not think that the Act of 1855, upon which this point is based, applies to this case.  I do not think the act is retrospective in its operation.  And besides, there

[Korn *v.* Browne.]

is no evidence in this case either of the collection or non-collection of the ground-rent, and therefore this point is declined."

The verdict was for the plaintiff for $12.50.

On removal of the record to the Supreme Court by Korn, the terre-tenant, he assigned the answer of the court for error.

*J. M. Arundel*, for plaintiff in error, referred to Act of April 27th 1855, § 7, Pamph. L. 369, Purd. 654, pl. 11. "In all cases where no payment, claim or demand shall have been made on account of or for any ground-rent, annuity or other charge upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises subject to said ground-rent, annuity or charge, a release or extinguishment thereof shall be presumed, and such ground-rent, annuity or charge shall thereafter be irrecoverable: * * * Provided, that this section shall not go into effect until three years from the passage of this act." That construction of a statute which favors public convenience is to be adopted: Stormfeltz *v.* Turnpike Co., 1 Harris 560; Kerlin *v.* Bull, 1 Dall. 178. No statute of limitations or lapse of time discharges a ground-rent: St. Mary's Church *v.* Miles, 1 Whart. 229. Legislation on kindred subjects may be resorted to in aid of the interpretation of a statute: Com. *v.* Penna. Ins. Co., 1 Harris 166. A retrospective law which does not impair the obligation of a contract is not unconstitutional: Underwood *v.* Lilly, 10 S. & R. 101; Tate *v.* Stooltzfoos, 16 Id. 37; Taggart *v.* McGinn, 2 Harris 157; Lycoming *v.* Union, 3 Id. 166; Journeay *v.* Gibson, 6 P. F. Smith 57. The onus of proving payment was on the plaintiff: Foulk *v.* Brown, 2 Watts 214.

*M. Arnold, Jr.*, for defendant in error.—The onus of proving payment was on the defendant: Foulk *v.* Brown, and Act of 1855, *supra;* Act of February 26th 1869, Pamph. L. 3. Laws should be construed to be retrospective, only when they are imperative: Taylor *v.* Mitchell, 7 P. F. Smith 211; Lingelfelter *v.* Ritchey, 8 Id. 485; Building Association *v.* Hecker, 3 Phila. Rep. 494; Neff's Appeal, 9 Harris 243; Reiser *v.* Savings Fund, 3 Wright 137; Elliott *v.* Lyell, 3 Carr (Va.) 278; Helmere *v.* Shuter, 2 Shower 17; Gilmore *v.* Shooter, 2 Modern 310; Sturges *v.* Crowninshield, 4 Wheat. 122. There is no limitation as to ground-rents: St. Mary's Church *v.* Miles, *supra;* Bronson *v.* Kinzie, 1 How. 319; Corporation *v.* Wallace, 3 Rawle 109; Webster *v.* Cooper, 14 How. 488.

The opinion of the court was delivered, January 10th 1870, by READ, J.—But one question has been argued in this case, whether the 7th section of the Act of the 27th April 1855 has a

retrospective as well as a prospective operation with regard to ground-rents.

"After a lapse of twenty years, bonds and other specialties, merchants' accounts, legacies, mortgages, judgments, and indeed all evidence of debt excepted out of the statute, are presumed to be paid. The court will not encourage the laches and indolence of parties, but will presume, after a great length of time, some compensation or release to have been made." "The rule of presumption, when traced to its foundation, is a rule of convenience and policy, the results of a necessary regard to the peace and security of society."

The lapse of twenty years, without demand of payment, is evidence from which a *jury* may presume payment of the *arrears* of ground-rent. "Those only," says Mr. Price, "who are accustomed to make or read briefs of title in Philadelphia, going back to the times of the first settlement, know how frequently occur ancient rent-charges and ground-rents, which the owners of the present day never heard of, and which generally have no doubt been honestly extinguished; while making this note the writer has such a single brief before him for an opinion, in which no less than three such charges occur as blemishes, grants or reservations more than a century ago, which no person living has any knowledge of."

"The law raises a legal presumption that a mortgage on which interest has not been paid for twenty years has been paid, and bars the recovery; and why should a ground-rent have a greater immunity against the presumption of extinguishment?"

It will be observed that all these considerations apply most strongly to existing evils, where no payment, claim or demand had been made for thirty, forty, fifty or one hundred and fifty years, on account of or for any ground-rent, and it was a grievance which, after the lapse of three years, the 7th section of the Act of 1855 was intended to put an end to. The act was "to amend certain defects of the law for the more just and safe transmission, and secure enjoyment of real and personal estate."

It was a clear defect in the law, and the legislature applied the limitation of twenty-one years as to other real estate, to this species of real property, so that twenty-one years' adverse possession bars all title to both land and ground-rent. The 7th section did not go into effect for three years, and gave ample time to all owners of ground-rents to make claims and demands for the same, so as to prevent the bar of the statute. This prospective commencement makes the retrospective bar not only reasonable but strictly constitutional. In Smith v. Morrison, 22 Pick. 430, it was held, the revised statutes providing that all actions upon judgments shall be barred, unless commenced within six years next after the causes of action shall accrue—such provision was not unconstitu-

[Korn *v*. Browne.]

tional as impairing the obligation of contracts, since, as it was enacted on the 4th of November 1835, and did not go into operation until the 1st of May 1836, the creditor had an opportunity in the interval to bring his action on any such judgment, recovered more than six years before the 1st of May 1836.

In Peirce *v*. Tobey, 5 Met. 172, the court say, " these statutes may well apply to contracts then in existence, allowing a reasonable time for creditors to institute their actions before the statutes took effect : Smith *v*. Morrison, 22 Pick. 430 ; Penniman *v*. Rotch, 3 Met. 216." The case of Smith *v*. Morrison, 22 Pick. 430, is approved by Mr. Sedgwick, in his Treatise on Statutory and Constitutional Law, p. 691.

A similar idea in a different form is expressed in Ross *v*. Duval, 13 Pet. 64 : " It is a sound principle," say the court, " that where a statute of limitations prescribes the time within which suit shall be brought or an act done, and a part of the time has elapsed, effect may be given to the act; and the time yet to run being a reasonable part of the whole time, will be considered the limitation in the mind of the legislature in such cases."

A pregnant example of a statute bar is to be found in the 6th section of the Act of 22d of April 1856, barring resulting trusts in five years, with its two years' proviso.

We therefore think it was error in the learned judge, in his answer to the defendant's 3d point, to say, " I do not think that the Act of 1855, upon which this point is based, applies to this case."

We think it did, and as the plaintiff did not prove any claim or demand or payment, or any declaration or acknowledgment of the existence of the ground-rent within twenty-one years, the statute presumption operated an extinguishment, and the ground-rent became irrecoverable.

Judgment reversed, and *venire de novo* awarded.