Harry G. Clay, Administrator, etc., Appellant, *v.* Adam
Iseminger, Defendant, and Elmer H. Rogers, terre-
tenant.

*Ground  rents — Constitutional  law — Retroactive  legislation—Act  of
April 27, 1855.*

The Act of April 27, 1855, P. L. 369, relating to ground rents, is not
unconstitutional, inasmuch as it merely operates to deprive the owner of
a ground rent of a remedy for its collection after twenty-one years by rais-
ing a conclusive presumption of release or extinguishment.

In an action to recover arrears of ground rent reserved by deed dated
January 4, 1854, an affidavit of defense is sufficient which avers that no
payment, claim or demand for the rent had been made by any one for more
than twenty-one years, and that within that period of time no declaration
or acknowledgment of the existence of the rent had been made by any
one owning the premises.

Argued March 30, 1898.   Appeal, No. 63, Jan. T., 1898, by
plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T. 1896,
No. 240, discharging rule for judgment for want of a sufficient
affidavit of defense.   Before GREEN, McCOLLUM, MITCHELL,
DEAN and FELL, JJ.   Affirmed.

Assumpsit for ground rent.

Rule for judgment for want of a sufficient affidavit of defense.
Before CRAIG BIDDLE, P. J.

The averments of the affidavit of defense are stated in the
opinion of the Supreme Court.

*Error assigned* was order discharging rule for judgment.

*George Henderson*, for appellant.—Section 7 of the act of
April 27, 1855, does not apply to rents reserved before its pas-

sage, because such application would impair the contract: Angell on Limitations, 37 ; Green v. Biddle, 8 Wheat. 1.

This is not a statute perfecting title by adverse possession : Haines's App. 73 Pa. 169. Biddle v. Hooven does not rule this case.

*Alex. Simpson, Jr.*, for appellee.—The act of April 27, 1855, is constitutional: Korn v. Browne, 64 Pa. 55; Biddle v. Hooven, 120 Pa. 221; Wallace v. Church, 152 Pa. 258 ; Sharpless v. Phila. 21 Pa. 164; Terry v. Anderson, 95 U. S. 628.

OPINION BY MR. JUSTICE FELL, July 21, 1898 :

The action was to recover arrears of ground rent reserved by deed dated January 4, 1854. In the affidavit of defense it was averred that no payment, claim or demand for the rent had been made by anyone for more than twenty-one years, and that within that period of time no declaration or acknowledgment of the existence of the rent had been made by anyone owning the premises.  This brings the case directly within the provisions of the 7th section of the Act of April 27, 1855, P. L. 369, and the questions raised relate to the constitutionality of that section and to its application to ground rents reserved before its passage.

Both of these questions have been squarely presented and decided.  The legislative intent to give the act a retroactive effect is apparent.  In Korn v. Browne, 64 Pa. 55, which appears to be the first case in which the act was considered, it was decided that as the act did not go into effect for three years the retroactive bar was constitutional.  In Biddle v. Hooven, 120 Pa. 221, the constitutionality of the act was the only question raised, and it was held that, as the act merely operated to deprive the owner of the rent of a remedy for its collection after twenty-one years by raising a conclusive presumption of release or extinguishment, it was constitutional.  In that case, as well as in the case of Wallace v. The Church, 152 Pa. 258, which decided that the act makes no exception in favor of persons under disabilities when their titles accrue, the ground rents were created before the passage of the act of 1855.  We must therefore consider the questions at rest.

The judgment is affirmed.