Harry G. Clay, Administrator d. b. n. c. t. a., Appellant, *v.* Patrick McCreanor, defendant, and Mary Q. Davis, terre-tenant.

*Ground rents—Presumption of payment—Statute of limitations.*

The presumption of release or extinguishment of a ground rent, under the Act of April 27, 1855, P. L. 368, is not removed nor the bar of the statute tolled by the fact of a conveyance of the property reciting that the sale was made under and subject to the ground rent in question. Such recital is not an acknowledgment made to the ground landlord, and works no estoppel against the vendee or his successors in the title from pleading the statute as a bar to a suit brought years afterwards.

Argued Oct. 14, 1898. Appeal, No. 147, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 509, in favor of defendant on case stated. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated in action of assumpsit sur ground rent deed.

The following facts appear from the case stated :

By sundry conveyances and devolutions William and Amelia Groeff became seized of certain premises. By duly executed and recorded deed, dated August 20, 1878, they conveyed the said premises in fee to Jacob Eckert. That deed contained the following acknowledgment and declaration of the existence of a certain ground rent : " Subject to the payment of an annual ground rent of thirty dollars, payable on the first days of April and October in every year forever ; " and in the habendum to the said deed, " To have and to hold . . . . under and subject, nevertheless, to the payment of the said annual ground rent of thirty dollars to Alexander Osbourn, his heirs and assigns."

By sundry other conveyances Mary Q. Davis, the terre-tenant and appellee herein, became seized of the said premises.

No payment, claim or demand has been made on account of or for any ground rent for said premises for twenty-one years prior to the bringing of this suit.

It was agreed that if the above declaration rebuts the presumption of extinguishment, then judgment should be entered

434 CLAY *c.* McCREANOR.

Statement of Facts—Opinion of the Court. [9 Pa. Superior Ct.

for the appellant for the amount claimed, $285, with interest and costs; if not, then judgment is to be entered for the terre-tenant, the appellee.

Judgment on case stated in favor of defendant. Plaintiff appealed.

*Error assigned* was in entering judgment on the case stated for defendants.

•

*George Henderson,* for appellant.—The declaration and acknowledgment of August 20, 1878, rebuts the presumption of extinguishment: Rolland v. Com., 82 Pa. 306, 326.

It is recorded when it is notice to every party in interest: Gibson v. Winslow, 46 Pa. 380.

The grantee in the deed of August 20, 1878, also acknowledged the existence of the rent. It is a well-settled principle that admissions may be made by conduct and acquiescence, especially where an advantage is acquired: Greenleaf on Evidence, sections 22, 27, 196 and 197.

The present owner is bound by the declaration of the former seizor, made during his tenure: Lea v. Hopkins, 7 Pa. 492.

The words "under and subject" create a liability de terris, and before the Act of June 12, 1878, P. L. 205, they imposed a liability in personam: Merriman v. Moore, 90 Pa. 72.

The declaration would be sufficient to rebut the presumption arising after the lapse of twenty years in the case of bonds: Reed v. Reed, 46 Pa. 239; Budd v. Conrad, 2 Phila. 175; Tilghman v. Fisher, 9 Watts, 441.

*Eli Kirk Price* and *J. Willis Martin,* for appellee.

OPINION BY RICE, P. J., February 17, 1899:

This was an action to recover arrears of ground rent reserved in a deed from Alexander Osbourn to Patrick McCreanor executed on June 22, 1853. By deed executed August 20, 1878, and duly recorded, William and Amelia Groeff, who then owned the land, conveyed the same to Jacob Echert. The deed contained these clauses: "Subject to the payment of an annual ground rent of thirty dollars, payable on the first days of April and October in every year forever. . . . To have and to hold

. . . . under and subject, nevertheless, to the payment of the said annual ground rent of thirty dollars to Alexander Osbourn his heirs and assigns." At the time of bringing this suit Mary Q. Davis was the owner of the premises, and she defended the action successfully in the court below upon the ground that, under the Act of April 27, 1855, P. L. 368, a release or extinguishment of the ground rent was to be presumed, and, therefore, the right of action was barred.

The portion of section 7 of the act material here is as follows : "That in all cases where no payment, claim or demand shall have been made on account of, or for any ground rent, annuity or other charge upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises, subject to such ground rent, annuity, or charge, a release or extinguishment thereof shall be presumed, and such ground rent, annuity or charge shall thereafter be irrecoverable."

As its title indicates, this law was enacted "to amend certain defects of the law for the more just and safe transmission, and secure enjoyment of real and personal estate." Prior to its passage there was no statute or limitations as to ground rents —St. Mary's Church v. Miles, 1 Wh. 229—and while a presumption of payment of arrears might arise from lapse of time without claim or demand being made, yet, as this was a presumption of fact merely and was rebuttable, it was inadequate to prevent the grievances which were pointed out by Mr. Price in his work on Limitations and Liens, p. 265, whose remarks were quoted by Justice READ in Korn v. Brown, 64 Pa. 55. When, as is admitted in this case, no payment claim or demand has been made on account of, or for, a ground rent for a period of twenty-one years, the natural presumption is very strong that it has been released or extinguished in some legitimate way. This might happen, and doubtless has happened in very many instances, without any written evidence of the fact being preserved, when the ground rent deed provided, as this did, that upon payment of a certain sum, and all arrearages up to the time of payment, "then the same shall forever thereafter cease and be extinguished, and the covenant for payment thereof shall become void." The act of 1855 gives legal recognition

to this natural presumption, and raises it to the dignity of a presumption of law, and then to make the remedy for existing grievances complete, bars any action for the recovery of the rent in such a case—that is, where no payment, claim or demand has been made for twenty-one years—unless the owner of the land shall have made "a declaration or acknowledgment of existence thereof," within that period. The present case turns upon the construction of this clause of the section. Does the "under and subject" clause of the deed of August 20, 1878, constitute such an acknowledgment that the ground rent was in force as prevented, or removed, the bar of the statute? The object being to cure a defect in the old law, it is but reasonable to suppose, that the legislature intended to do so as effectually, broadly and completely as the language used, when understood in any fair and reasonable sense, would indicate. Having regard to the context, to the subject-matter, and to the object to be attained, it would be unreasonable to construe the words as mere synonyms for the word admission understood in its broadest and most comprehensive sense. Mere admissions made to a stranger, or implied from transactions with him, may possibly be corroborative, and admissible in evidence upon that ground, where there is proof of a distinct and unequivocal acknowledgment to the ground rent owner; but we cannot think that every such loose admission is, of itself, sufficient to make the question of extinguishment or release a question of fact for the jury, if all the other facts essential to bar action exist in the case. The declaration or acknowledgment which the legislature contemplated is one, which, if satisfactorily proved, conclusively, and as a matter of law, rebuts the presumption of extinguishment or release. If the recital in the deed of August 20, 1878, falls short of being such an acknowledgment or declaration, then, by the express stipulation of the case stated, judgment was properly entered for the defendant. It should be noticed that this clause of the deed added nothing whatever to, and took nothing from, the rights or remedies of the ground rent owner. It was not a declaration or acknowledgment made to him or his agent, or which was intended to inure or did inure by operation of law, to his benefit: Act of June 12, 1878, P. L. 205. Further, the case stated furnishes no light upon the question of consideration

for the transfer.   For aught that appears, the money consideration mentioned in the deed, and paid, was the full value of the land.   In the absence of any evidence upon that subject the most that can be claimed for the recital is that, as between the parties to the deed, it created a covenant, de terris only, to indemnify the grantor against any liability that might exist by reason of the reservation of the ground rent referred to, and can scarcely be construed as a solemn declaration on his part, and an equally solemn admission on the part of the grantee, to the owner of the ground rent, that there was a liability which was then enforceable.   This was not the kind of declaration referred to in Miller v. Keene, 5 W. 348, and kindred cases, which called out the vigorous remarks of Chief Justice GIBSON quoted in the brief of the plaintiff's counsel.   In view of the provisions of the act of June 12, 1878, supra, which was in force when this deed was made, it is perfectly safe to assume that the parties to it could have had no thought that the ground rent owner might treat the "under and subject" clause as recognition of the vitality of his claim and be put off his guard. He had no more right to rely upon it as such a recognition than if it had been in terms what it was in the intention of the parties, namely a mere covenant of indemnity.   It would be a strained and illiberal construction of the act of 1855 to say that the parties could not make such an agreement without impliedly admitting the liability indemnified against, and estopping themselves and their successors in title from pleading the statute of limitations as a bar to an action brought years afterwards to enforce it.

In Pennsylvania an acknowledgment, to take a personal action out of the statute, must be made to the plaintiff or his agent: McKinney v. Snyder, 78 Pa. 497; Wesner v. Stein, 97 Pa. 322; Spangler v. Spangler, 122 Pa. 358; or, at least, be intended to inure to his benefit.   It must be self-sustaining; several insufficient acknowledgments made at different times will not constitute a sufficient one: Patterson v. Neuer, 165 Pa. 66; Simrell v. Miller, 169 Pa. 326.   There need not be a promise, in terms, to pay, but if there be none there must be a clear and unambiguous recognition of an existing debt, and so distinct as to preclude hesitation as to the debtor's meaning: Hostetter v. Hollinger, 117 Pa. 606; Palmer v. Gillespie, 9 W. N. C. 535,

and cases there cited; Macrum v. Marshall, 129 Pa. 506. While it is true that those cases which define the requirements of an acknowledgment which will take a personal action out of the operation of the statute are not in all respects analogous to the present case, yet they are sufficiently so to justify their citation in support of our conclusion that the "under and subject" clause in the deed of August 20, 1878, was not such an acknowledgment or admission as stopped the running of the statute.

Judgment affirmed.