Harry G. Clay, Administrator d. b. n. c. t. a., of the Estate of Alexander Osbourn, deceased, Appellant, *v.* Adam Iseminger, et al.

*Ground rents—Statute of limitations—Constitutional law—Act of April 27, 1855.*

No action can be maintained to recover a ground rent where no demand has been made for the payment of the rent within twenty-one years. This rule applies to ground rents created both before and after the Act of April 27, 1855, P. L. 368, sec. 7.

The Act of April 27, 1855, sec. 7 does not impair the obligation of a contract, and it is constitutional.

Argued March 21, 1899.    Appeal, No. 409, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 1, Phila. County, Dec. T., 1896, No. 240, on verdict for defendants.    Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover ground rent.    Before BRÉGY, J.

At the trial plaintiff's counsel made the following offer:

" I offer to prove as a fact that this ground rent has never been paid off and extinguished.    To do this, I offer to prove that the late Alexander Osbourn was judicially declared to be a lunatic in April, 1856 ; that this ground rent was included in a schedule of assets belonging to the said lunatic, which schedule was annexed to a petition filed in the court of common pleas of Philadelphia county on October 16, 1858, by the committee of the said lunatic, in which the said committee prayed leave to sell certain other real estate belonging to the said lunatic ; that the record of the said court of common pleas in the matter of the said lunatic's estate shows that no application was made to the said court for leave to sell or extinguish the said ground rent, and that no decree authorizing the sale or extinguishment of the said ground rent was ever made by the court.    I shall also offer in evidence the said record in the said proceedings in lunacy.

" I will call Mr. Harry G. Clay, the administrator d. b. n. c. t. a. of the said Alexander Osbourn, and the plaintiff herein, to prove that Alexander Osbourn died insane in 1859, and that he, the said Harry G. Clay, is the executor of Joseph A. Clay, deceased, and who was the administrator c. t. a. of Alexander Osbourn, deceased, and who was one of the committee of the said lunatic during the whole period of his lunacy ; that he, the said Harry G. Clay, was in the office and the assistant of the said Joseph A. Clay during the whole time that the latter occupied a fiducial relation to the said estate of Alexander Osbourn ; that the said Osbourn by his will directed his executors to sell his realty, and appointed Mahlon D. Livensetter and Lewis G. Osbourn the executors thereof, both of whom renounced their said appointments ; that the said Joseph A. Clay was then duly appointed administrator of the said estate ; that since the death of the said Osbourn no one other than the said Joseph A. Clay and

the said Harry G. Clay has been invested with authority to receive the said payment and give a release of the said ground rent; that the said Joseph A. Clay occupied a fiducial relation to many estates; that he was a careful and methodical man of business; that he kept accurate books of account of the said Osbourn estate during the whole of his stewardship, both as committee and as administrator; that he, the said Harry G. Clay, now has those books in his possession; that the said books contain no record of this ground rent having been paid; that to the best of the knowledge, information and belief of the said Harry G. Clay, the said ground rent has never been paid off, either during the lifetime of the said lunatic or during the said administration of the said Joseph A. Clay, or during the said administration of the said Harry G. Clay.

"I will also offer in evidence, as corroborating Mr. Clay's testimony, and as tending to show the nonpayment of this rent (estate), the account of Joseph A. Clay, committee of the lunatic aforesaid, the account of Joseph A. Clay, administrator c. t. a., as aforesaid, as stated by his executor, Harry G. Clay, and the account of Harry G. Clay, administrator d. b. n. c. t. a., as aforesaid.

"I will then ask the jury to find as a fact from the foregoing evidence that the said ground-rent estate has not been extinguished by being paid."

To which offer the defendant objected, as immaterial and irrelevant.

The court sustained the objection and sealed a bill for plaintiff. [4]

Plaintiff's points and the answers thereto were as follows:

1. Under the evidence in this case the verdict should be for the plaintiff. *Answer:* I decline the plaintiff's point. [1]

2. The 7th section of the act, adopted by this commonwealth on April 27, 1855, P. L. 368, which is as follows: "That in all cases where no payment, claim, or demand shall have been made on account of or for any ground rent, annuity, or other charge upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises subject to such ground rent, annuity, or charge, a release or extinguishment thereof shall be presumed, and such

ground rent, annuity, or charge shall thereafter be irrecoverable: Provided, That the evidence of such payment may be perpetuated by recording in the recorder of deeds' office of the proper county the duplicate of any receipt therefor, proved by oath or affirmation to be a true copy of that signed and delivered in the presence of the payer, and witnessed at the time by this deponent, which recorded duplicate, or the exemplification of the record thereof, shall be evidence until disproved; and the evidence of any such claim or demand may be perpetuated by the record of any judgment recovered for such rent, annuity, or charge in any court of record, or the transcript therein filed of any recovery thereof by judgment before any alderman or justice of the peace, which record and judgment shall be duly indexed: Provided, That this section shall not go into effect until three years from the passage of this act," is unconstitutional, because it impairs the contract reserving this rent, being inhibited by the 10th section of article 1 of the constitution of the United States, which is as follows:

" No state shall enter into any treaty, alliance, or confederation, grant letters of marque and reprisal; coin money; emit bills of credit; make anything but gold and silver a tender in payment of debts; pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts, or grant any title of nobility," and, therefore, under the evidence the verdict should be for the plaintiff. *Answer:* I decline this point. [2]

The court charged as follows:
[As the law says that a ground rent not demanded within twenty-one years is irrecoverable, the verdict in this case must be for the defendant.] [3]
Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were (4) rulings on evidence, quoting the bill of exceptions; (1–3) above instructions, quoting them.

*George Henderson*, for appellant.—The 7th section of the Act of April 27, 1855, P. L. 368, exceeds the legitimate scope of an act of limitation, thereby impairing the obligation of the ground rent, and taking the estate without due process of law: Jackson v. Lamphire, 3 Peters, 280; Hillerman v. Ingersoll, 5

Phila. 143 ; Yick Wo v. Hopkins, 118 U. S. 356 ; Kirk v. Smith, 9 Wheat. 241 ; Moore v. State, 43 N. J. Law, 210 ; McQuesney v. Hiester, 33 Pa. 439 ; Angle v. Chicago, etc., Ry. Co., 151 U. S. 1 ; McCracken v. Hayward, 2 How. (U. S.) 612 ; Ogden v. Saunders, 12 Wheat. 302 ; Menges v. Dentler, 33 Pa. 498 ; Penrose v. Erie Canal Co., 56 Pa. 49 ; Sturges v. Crowinshield, 4 Wheat. 122 ; Von Hoffman v. City of Quincy, 4 Wall. 535 ; Drehman v. Stifle, 8 Wall. 595 ; Green v. Biddle, 8 Wheat. 1 ; Smith v. Cleveland, 17 Wis. 668 ; Korn v. Browne, 64 Pa. 55 ; Norman v. Heist, 5 W. & S. 173 ; O'Conner v. Warner, 4 W. & S. 227 ; Lambertson v. Hogan, 2 Pa. 25.

*Simpson & Brown,* for appellee, were not heard, but cited in their printed brief : Clay v. Iseminger, 187 Pa. 108 ; St. Mary's Church v. Miles, 1 Whart. 233 ; Turner v. New York, 168 U. S. 90 ; Bolton v. Hey, 168 Pa. 418 ; Korn v. Browne, 64 Pa. 55 ; Biddle v. Hooven, 120 Pa. 227 ; Wallace v. Fourth U. P. Church, 152 Pa. 258.

PER CURIAM, April 3, 1899 :

We are not convinced that the learned trial court erred in refusing to affirm plaintiff's first and second points, or in directing a verdict in favor of the defendants. The first three specifications of error are therefore overruled.

There was no error in sustaining defendant's objections to the offers of evidence recited in the fourth and last specification.

When this case was here before on the plaintiff's appeal from the refusal of the court below to enter judgment for want of a sufficient affidavit of defense (187 Pa. 108), the principles involved were considered and decided. It is unnecessary to repeat what we said then, or to add anything thereto.

Judgment affirmed.