## Cadwalader, Appellant, v. Springsteen.

*Ground rent—Presumption of payment—Trial by jury— Acts of April 27, 1855, P. L. 368, and June 14, 1897, P. L. 149.*

On the trial of a feigned issue under the Act of June 14, 1897, P. L. 149, to determine whether or not a ground rent had become extinguished by presumption of the law, the action of the trial judge in declaring that the plaintiff had failed to establish his right to recover, and in directing a verdict for defendant in no way impinges upon the plaintiff's right to have a trial by jury.

When the conditions prescribed by the Act of April 27, 1855, P. L.

368, are present, the act itself declares that an extinguishment of the ground rent shall be presumed, and it shall "thereafter be irrecoverable." When the presumption is properly invoked it has every practical effect that a formal written release or extinguishment, if then produced, would have, and the rent surcharge becomes irrecoverable.

In a proceeding to determine whether a ground rent had become extinguished by presumption of law, evidence of a mere naked entry on vacant and unoccupied premises for the purpose of making a demand, and the record of a judgment obtained against the original covenantor more than twenty-one years prior to the institution of the proceedings, are not sufficient to warrant a jury in finding that any payment, claim or demand, for or on account of the rent had been made within twenty-one years prior to the inception of the proceedings.

Argued Oct. 15, 1907. Appeals, Nos. 167 and 168, Oct. T., 1907, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1904, Nos. 3,541 and 3,542, on verdict for defendants in case of John Cadwalader, trustee under the will of Peter McCall, deceased, v. Benjamin R. Springsteen, Covenator, and Deborak S. Kirk, terre-tenant. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Feigned issue under Act of June 14, 1897, P. L. 149, to determine whether a ground rent had been extinguished by presumption of law. Before BRÉGY, J.

The opinion of the Superior Court states the case.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*John Cadwalader, Jr.,* for appellant.—A presumption of law is not necessarily a conclusive presumption: Taylor on Evidence, sec. 71; Best on Evidence, sec. 306; Ash's Est., 202 Pa. 422; Biddle v. Hooven, 120 Pa. 221; Korn v. Browne, 64 Pa. 55; Clay v. Iseminger, 187 Pa. 108.

Judgments and other specialties are not barred after twenty-one years. There is simply a disputable presumption of payment: Wallace v. Church, 152 Pa. 258.

*Clarence E. Kuemmerle,* with him *William D. Neilson* and *Clinton R. Woodruff,* for appellees.—The issue to be framed

under the act of 1897 is a real issue to determine as facts whether a ground rent has been extinguished by payment or presumption of law: Dalmas v. Kemble, 215 Pa. 410.

The presumption of extinguishment of a ground rent where there has been no payment, etc., for twenty-one years is a conclusive presumption of law which cannot be rebutted: Biddle v. Hooven, 120 Pa. 221; Wallace v. Fourth U. P. Church, 152 Pa. 258; Clay v. Iseminger, 187 Pa. 108; Clay v· McCreanor, 9 Pa. Superior Ct. 433.

Going upon the land for the purpose of making a demand is not such a demand as is required by the act of 1855: McCormick v. Connell, 6 S. & R. 151; Rea v. Eagle Transfer Co., 201 Pa. 273.

The judgments for arrears of the ground rents in these cases are not such judgments as are contemplated by the proviso of the seventh section of the act of 1855.

OPINION BY HEAD, J., April 20, 1908:

This was a feigned issue under the Act of June 14, 1897, P. L. 149, to determine whether or not a certain ground rent had become extinguished by presumption of law. As prescribed in the act, the person claiming to own the ground rent was made plaintiff, whilst the original covenantor, under a deed made in 1850, and the petitioner, present owner of the premises, became the defendants.

At the conclusion of the trial the learned judge presiding being of the opinion that the plaintiff's right, under all of the facts which were not in dispute, was barred by the seventh section of the Act of April 27, 1855, P. L. 368, directed a verdict for the defendant, the petitioner. The court in banc later adopted the same view and entered judgment on the verdict, from which judgment this appeal was taken.

Unless the trial judge misconceived the nature and legal effect of the evidence before him or misapprehended the operation of the act of 1855, as applicable to the state of facts disclosed by the record, his act in declaring that the plaintiff had failed to establish his right to recover, and in directing a verdict for the defendant, in no way impinged upon the

plaintiff's right, under the act of 1897, to have a trial by jury. Such action of the court, under proper conditions, is part of a trial by jury and is every. day exhibited in the trial of the oldest forms of common-law actions known to our system of jurisprudence.

Agreeing then, for the moment, that the learned court was correct in the assumption that the record disclosed no evidence, sufficient to warrant a finding by the jury, that any "payment, claim or demand had been made on account of or for any ground rent for twenty-one years," or that any "declaration or acknowledgment of the existence thereof had been made within that period by the owner of the premises," but little room is left for any contention as to the true interpretation of the act or the effect of its application in such a case. The act was passed "to amend certain defects of the law for the more just and safe transmission and secure enjoyment of real and personal estate."

When it appears that the prescribed conditions are present the act itself declares that an extinguishment of the ground rent shall be presumed and it shall "thereafter be irrecoverable." The nature of the presumption referred to in the act does not seem to be open to question. When properly invoked it has every practical effect that a formal written release or extinguishment, if then produced, would have and the rent or charge becomes irrecoverable.

In Biddle v. Hooven, 120 Pa. 221, the Supreme Court, speaking through Mr. Justice PAXSON, said: "The act of 1855, in its application to ground rents, made this presumption a legal presumption after twenty-one years, which cannot be rebutted." This language is criticised by the learned counsel for the appellant as having gone farther than the court, in deciding the questions then before it, intended or was required to go. To this we cannot assent. In Wingett's Appeal, 122 Pa. 486, the court, in the same year, in an opinion by Justice WILLIAMS, declared: "It is very clear, therefore, that if the person claiming payment of such charge or lien is able to show neither a claim or demand of payment made by him on the owner of such real estate, nor a payment upon or an

acknowledgment of the existence of such lien within the statutory period, then the act operates to raise a conclusive presumption of the release or extinguishment of the demand, and declares that it shall "thereafter be irrecoverable."

In Wallace v. Fourth U. P. Church, 152 Pa. 258, it is said: "The purpose of the act of 1855 was to relieve titles and facilitate the sale of real estate. . . . If for twenty-one years no payment upon, or acknowledgment of the ground rent can be shown and no demand for payment has been made, the act conclusively presumes a release and extinguishment of the incumbrance by the act of the parties, and declares that the rent shall thereafter be irrecoverable." To the same effect are Clay v. Iseminger, 187 Pa. 108; Clay v. McCreanor, 9 Pa. Superior Ct. 433.

It remains, then, for us to briefly examine the evidence to ascertain if the rent claimant fairly discharged the burden intended to be imposed on him by the act of 1897 directing that he should be the plaintiff in the proceeding therein provided for. It is not asserted there was any evidence at all tending to show an actual payment of money for or on account of the rent during the statutory period; nor that, during the same period, any demand for such payment was made upon any person alleged to be the ground owner or the agent or representative of such owner.

The record does contain an admission that within twenty-one years the landlord had been on the premises "for the purpose of making a demand for the rent and that the land is vacant and unoccupied." It is further admitted, however, by the appellant that "George W. Kirk was the registered owner of the premises in question on May 5, 1870, and that his title was derived from Thomas E. Allen, the former owner, by deed dated December 27, 1862." There is no evidence of any payment made by or demand upon the registered owner or his heirs and successors in title; of any effort to ascertain the names and residence of these heirs or of those who must have been, during the years, paying the city taxes and discharging the municipal burdens imposed on the land; no posting of notice of any demand upon the property itself or publication

of same in any newspaper. Whilst the act of 1855 does not undertake to prescribe the manner in which the demand shall be made, we are unable to think its requirements have been met by a mere temporary entry upon vacant land even when it be conceded that such entry was for the purpose of making a demand, had any person been found in possession.

It further appears that in May, 1882, an action was brought by the landlord against the original covenantor to recover "forty half-yearly payments (of ground rent) from July 1, 1862, to January 1, 1882," and that a judgment in favor of the plaintiff followed, which still stands open and unsatisfied on the record. The significance, in this proceeding, of a judgment to which the ground owner was never a party, depends on the construction to be given to the proviso to the seventh section of the act of 1855. That proviso declares that if a claim or demand for the rent, such as the statute contemplates, were made, the evidence thereof "may be perpetuated by the record of any judgment recovered for such rent," etc. From this language it would seem to follow that the value to be attached, in the present case, to the record of the judgment would be evidential only. It is evidence that a demand for the rent was made in 1882. But such a demand could be established by any other competent evidence. Suppose it were conceded. It would still not be the demand contemplated by the statute, viz.: one made within twenty-one years before the right was sought to be enforced. If an actual payment of the rent then in arrears had been made in 1882 and nothing had been done since, could it be argued that the plaintiff's remedy was unaffected by the act of 1855? If payment itself would not have preserved his claim beyond twenty-one years from the time it was made, how could such a result follow from a mere demand for payment even when formally made and proven by the most satisfactory evidence?

We cannot, therefore, regard either the naked entry on the premises for the purpose of making a demand, or the record of the judgment obtained in 1882, as sufficient evidence to have warranted the jury in finding that any payment, claim or demand, for or on account of the rent, had been made within

twenty-one years prior to the inception of the present pro-
ceeding. As a consequence a release or extinguishment of the
charge must be presumed and it thus became irrecoverable.
The learned court below but followed the language of the
statute and the decisions of the appellate courts in so holding
and directing a verdict for the defendant. The assignments
of error are overruled.

Judgment affirmed.