### Revival of Charters.

*Corporations of the second class—Revival of charters—Act of June 25, 1895.*

1. A corporation of the second class chartered after the Act of June 25, 1895, P. L. 310, whose charter has expired, may have its charter revived upon complying with the provisions of that act.

2. The act is remedial, and applies to all cases where the remedy is needed, unless definitely restricted.

Attorney-General's Department. Opinion to Hon. Bernard J. Myers, Secretary of the Commonwealth.

McNEES, Dep. Att'y-Gen., Sept. 14, 1921.—The Attorney-General's Department is in receipt of your letter inquiring as to whether or not a corporation chartered after the Act of June 25, 1895, P. L. 310, whose charter has since expired, may have said charter revived or renewed under the provisions of said act.

The facts in the case before us are that a corporation duly chartered in 1904 for a term of three years, and which term expired in 1907, has now petitioned for a revival of such charter.

The question turns upon the interpretation of section 2 of the Act of June 25, 1895, P. L. 310. The title of said act and section 2 thereof are as follows:

"A further supplement to 'An act to provide for the incorporation and regulation of certain corporations,' approved April 29, 1874.

"Section 2. That the charters of all manufacturing corporations granted in accordance with the provisions of the present Constitution of this Commonwealth and the Act of General Assembly, entitled 'An act to provide for the incorporation and regulation of certain corporations,' approved April 29, 1874, and the charters of all manufacturing corporations that have accepted the provisions of the said Constitution and act of assembly, which charters were limited in their duration by the articles of association or by the act of assembly under which they were granted, and have now expired or shall hereafter expire, are hereby extended for a period of twenty-five years from the date of the expiration of said charters: Provided, that a *bona fide* organization has taken place and business has been commenced in good faith within a period of two years from the date of the granting of said charters: Provided, further, that manufacturing concerns availing themselves of the provisions of this act shall first pay into the treasury of this Commonwealth the fee and bonus upon their capital stock now fixed by law for the renewal or extension of a corporate charter: And provided, further, that upon the payment of said fees and bonus and the production to the Secretary of the Commonwealth of evidence that the terms of this act have been complied with, letters-patent shall issue to said manufacturing corporation."

The Act of April 29, 1874, P. L. 73, which is supplemented by the Act of June 25, 1895, P. L. 310, is designated by authority of the subsequent Act of

1 D. & C.

June 13, 1883, § 7, P. L. 122, as "The Corporation Act of 1874," and establishes a complete system or code for the regulation of all corporations falling within the classes named therein: St. Luke's Church, 17 Phila. 261 (1884).

The Act of 1874 made no provision under which the expired charter of a corporation could be renewed. The supplement of 1895 was passed to provide a means of reviving charters of corporations which "have now expired or may hereafter expire." Does this act apply to corporations created after its passage as well as those created before that time? The act is remedial in nature, and should apply to all cases where the remedy is needed, unless definitely restricted: Pocono Spring Water Co. v. American Ice Co., 214 Pa. 640 (1906); Umholtz's License, 191 Pa. 177; Clay v. McCreanor, 9 Pa. Superior Ct. 433; Seminary v. Bethlehem, 153 Pa. 583.

The only suggested restriction in this case is the use of the word "granted" in line two, section 2, of the act. Does the statement "that the charters of all manufacturing corporations granted in accordance with the provisions of the present Constitution," etc., refer only to charters granted and in existence at the time of the passage of the act? We are of the opinion that it does not, and that it is not a strained construction to say that it also includes corporations created at any time after the passage of the Act of 1895: Independent School District, 19 Pa. C. C. Reps. 452; Mutual Life Ins. Co. v. Talbot, 113 Ind. 373; Black Creek Improvement Co. v. Com., 95 Pa. 450; Lehigh Bridge Co. v. Lehigh Coal and Navigation Co., 4 Rawle, 9.

We are of the opinion, therefore, and so advise you, that you may revive the charter of a corporation issued subsequent to 1895 and which has since expired, provided said corporation complies with all the other requirements of the act. From Guy H. Davies, Harrisburg, Pa.