## APPEAL OF STEPHEN WINGETT.

[Assigned Estate of Silas Wingett.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY.

Argued October 16, 1888—Decided October 22, 1888.

1. A legacy, claimed to be a charge upon land, is within the operation of § 7, act of April 27, 1855, P. L. 369, rendering a ground-rent, annuity, or other charge upon real estate irrecoverable, without payment, claim or demand, or a declaration or acknowledgment of its existence, within twenty-one years.
2. The burden of proof to show such payment, claim or demand, or declaration or acknowledgment, is upon the claimant: the statute need not be pleaded, and the defence may be made under the general issue, or set up before an auditor where no formal pleadings are provided for.

Before Gordon, C. J., Paxson, Sterrett, Green, Clark, Williams and Hand, JJ.

No. 38 October Term 1888, Sup. Ct.; court below, No. 401 May Term 1886, C. P.

Statement of Facts.

On April 19, 1886, Silas Wingett made an assignment of all his estate for the benefit of creditors. A sale of his real estate discharged of liens, made under an order of the court, was confirmed on November 8, 1886, and on November 30th, the assignees filed their account showing a balance of $5,473.05 for distribution, composed entirely of the proceeds of real estate, which at the date of the assignment was subject to liens to an amount larger than said balance. No exceptions having been filed to said account, on February 26, 1887, an auditor was appointed to report distribution.

By the report of the auditor, *Mr. J. M. Dickson*, filed on August 26, 1887, it appeared that the land producing the fund had been devised to Silas Wingett, the assignor, by the will, dated December 15, 1849, of his father Reuben Wingett, who died on March 29, 1850. The testator by his said will bequeathed to Jane Wingett his daughter, two legacies of $500 each, one payable when she should arrive at the age of twenty-five years, and another when Silas should arrive at the age of twenty-five years. He also bequeathed to the Concord church $300, the interest of which was to be expended annually for missionary and benevolent purposes. His son Silas was to have possession of the farm devised to him when he became twenty-five years of age, which occurred in September, 1864, but he was to be without authority to sell the farm during the lifetime of his mother, nor under any circumstances until he should be thirty years of age. Rev. Stephen Wingett and Col. Albert Squier were appointed executors of said will, and the guardians of the persons and property of all the testator's children, the will, referring to said appointment, concluding: " I give them full power to take charge of all my real and personal property and manage the same according to their discretion for the best interest of the heirs and the family, to take charge of the farm and lease or rent the same or have it worked as they shall deem best, and have a general supervision of the whole estate until the above legacies shall have been paid, and the whole estate settled according to the above directions. In witness whereof," etc.

The said legacies to Jane Wingett and to the Concord church, were presented before the auditor by Rev. Stephen Wingett, surviving executor, for allowance and payment, as

charged upon the land under said will. Under objection on the part of H. K. Bell, and others, judgment creditors, to the position that the legacies were thus charged, evidence was adduced showing that they had never been paid. The testimony being closed, it was claimed in the argument before the auditor, on the part of the objecting creditors, that a recovery of the legacies out of the fund, even if they were unpaid, was barred by § 7, act of April 27, 1855, P. L. 369, which provides as follows:

" In all cases where no payment, claim or demand shall have been made on account of, or for any ground-rent, annuity or other charge upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period, by the owner of the premises, subject to such ground-rent, annuity or charge, a release or extinguishment thereof shall be presumed, and such ground-rent, annuity or charge, shall thereafter be irrecoverable."

The auditor, upon the question of the right of the objecting creditors to plead the bar of this statute at the argument, when they had not pleaded it when the claim was presented for proof, cited Heath v. Page, 48 Pa. 142; Yohe v. Robertson, 2 Wh. 155, and Franklin F. Ins. Co. v. Findlay, 6 Wh. 497, and ruled that it was too late to plead the statute against the legacies; and, finding that they had not been paid, he decided, chiefly upon the provisions of the will hereinbefore quoted, that the legacies were vested at the death of the testator, charged upon the land by the will, and were entitled to be paid out of the fund, with priority, and with interest to November 8, 1886, the date of the confirmation of the sale.

To this report of the auditor, H. K. Bell and other judgment lien creditors excepted, inter alia, that the auditor erred in not finding as matter of law:

4. That the claim for the payment of the legacies in Reuben Wingett's will was barred by § 7, act of April 27, 1855.

Said exceptions having been overruled by the auditor and filed with the report, the court, STOWE, P. J., C. P. No 1, 5th judicial district, holding special term, on December 7, 1887, filed the following opinion and decree:     .

While I am not at all convinced that the auditor erred in

his finding that the legacies in question were vested, that they were charged on the land and that they had never been paid, and therefore must overrule all the exceptions to such findings, I think the auditor erred in his opinion in regard to the effect of the act of April 27, 1855, upon the claims of the several legatees.

It is undoubtedly true, as stated by him, that statutes of limitation are presumed to be waived, if not specially pleaded or due notice given that they will be relied upon for a defence. But this rule cannot be applied to this case, because the statute referred to cannot in any proper sense be called a statute of limitations. It is a mere statutory rule of evidence analogous to the presumption of payment arising from 20 years delay in pursuing a claim under seal. It never was necessary to plead specially that the presumption was relied on. Under the plea of payment, alone, the defence was available and, without more, upon presentation of such a claim on a trial, if there was no evidence offered to show non-payment, the court would direct a verdict for defendant. This distinction between statutory bars, and the legal presumption arising from delay, is clearly indicated in Foulk v. Brown, 2 W. 215, where it is said: "The court will not encourage the laches or indolence of parties, but will presume after a great length of time, some composition or release to have been made. The length of time does not operate as a positive bar, but as furnishing evidence that the demand has been satisfied. But it is evidence from which, when not rebutted, the jury is bound to draw a conclusion. . . . Within twenty years the onus of proving payment lies on defendant. After that time it devolves on the plaintiff to show the contrary by such facts and circumstances as will satisfy the jury that there are other reasons for the delay in the prosecution of the claim, than the alleged payment. Slighter circumstances are sufficient to repel the presumption, than are required to take the case out of the statute of limitations." See, also, Peters's App., 106 Pa. 343.

Now, it seems to me, that the act of 1855 merely declares what facts shall, when duly proved, rebut the presumption of a release or extinguishment of a charge on real estate after 21 years from its maturity. Mere non-payment will not be sufficient. There must be some payment, or some claim or demand

made on account of or for such charge by the party entitled to receive it, or some declaration or acknowledgment of its existence, made by the party of whom it is demandable, before it can be recovered. The onus of proof is upon the claimant. To enable him to recover he must first make out his case, relieving him from the effect of the statute, and failing this, he is not entitled to recover the claim.

The exceptions to the auditor's report to the effect that the claim for the payment of the legacies in Reuben Wingett's will is barred by the act of April 27, 1855, § 7, are sustained. All other exceptions thereto are now overruled.

The report was then referred back to the auditor to state a distribution in accordance with the foregoing opinion. An amended schedule of distribution having been filed and confirmed, the claimant took this appeal and specified that the court erred, inter alia, in holding that the act of April 27, 1855, was a bar to the payment out of the fund of the legacies bequeathed in the will of Reuben Wingett, deceased.

*Mr. M. L. A. McCracken* (with him *Mr. M. H. Stevenson* and *Mr. J. M. Patterson*), for the appellant:

I. The act of April 27, 1855, does not apply to legacies charged upon real estate, especially when the will which creates the charge also charges the executors with the duty of paying the legacies.

1. In Thompson v. McGaw, 2 W. 161, it was held that the six years statute of limitations did not bar the recovery of a legacy, the court saying, " The legatee may be ignorant of the bequest, or absent in other states. If acquainted with it, he is not bound to demand it within the statutory period, unless the will imposes that condition." The doctrine of this case is affirmed in Etter v. Greenawalt, 98 Pa. 431, as to all legacies which are to be paid by executors, upon the ground that the executor is a trustee upon whom is devolved the duty of paying, and against that form of obligation the statute is no bar. The course of reasoning by which the conclusion is reached, that legacies charged on land by a will are not within the purview of the statute referred to, operates with equal or greater force to exclude them from the operation of the act of 1855.

2. Clearly they are not within that act, unless included in the clause, other charges upon real estate, therein. In Pratt v. Eby, 67 Pa. 396, the main question was as to whether a purchase money mortgage, executed in pursuance of an order of the Orphans' Court, was within the act, and it was held that it was not. SHARSWOOD, J., said: " My opinion is that the act should have a liberal construction, and be held to apply to all kinds of charges upon real estate to which the ordinary presumption of payment applied, making such presumption to be juris et de jure. Upon this question the members of the court are divided in opinion." As Justice SHARSWOOD'S opinion was not adopted, it is manifest a majority of the court was adverse to it. That case is the nearest approach to the determination of the question, and from it, as well as from the wording of the act, we conclude that the act applies only to ground-rents, annuities and other charges ejusdem generis; that is, charges which from their nature require the annual payment of a specific sum of money, without reference to any principal debt upon which it is computed, and where he whose duty it is to make payment has it not in his power to cause such payments to determine, and to release himself or his lands therefrom.

II. It is also urged, that the act, if operative at all, is a statute of limitations, which is presumed to be waived unless specially pleaded, or, in a case like this, where there are no formal pleadings, unless such notice be given as would be equivalent to a special plea.

1. The requisites necessary to remove the bar of the six years statute of limitations and that of the act of 1855, are almost identical. In both cases the bringing of a suit stops the running of the statute. In both cases the new life runs from the date of the last promise, declaration or acknowledgment. The only substantial difference is in the time necessary to bar a claim. From a comparison of the two statutes, it will appear that the distinction between a statute of limitations and a statutory rule of evidence is more fanciful than real. In Pratt v. Eby, 67 Pa. 396, the court treated the act throughout as a statute of limitations. And see Crawford v. Neff, 3 Gr. 175.

2. Hillerman v. Ingersoll, 5 Phila. 143, is a case in point, though not decided by this court. In that case the act of 1855

was held to be but a statute of limitations. "It is plain that in order to render this statute a good defence in pleading, all the facts necessary to constitute the bar must be set forth with precision, and the plea aver that there has been no express acknowledgment in words, as well as that there has been no implied acknowledgment by paying."

*Mr. John Aiken* (with him *Mr. T. J. Duncan, Mr. R. W. Irwin, Mr. T. McK. Hughes* and *Mr. John L. Gow*), for the appellees :

1. The title of the act of April 27, 1855, upon the seventh section of which we rest our case, is " To amend certain defects of the law for the more just and safe transmission and secure enjoyment of real estate." The act of April 22, 1856, P. L. 532, " For the greater certainty of title and more secure enjoyment of real estate," is in pari materia. This latter statute is held not to be a statute of limitations : Douglass v. Lucas, 63 Pa. 9 ; Christy v. Sill, 95 Pa. 380. In both these cases it was held that the statute referred to was highly beneficial, and ought to be liberally construed.

2. Ground-rents, annuities, or other charges upon real estate are covered by the law. The claimant relies upon the position that the legacies were a charge upon the land, and is entirely satisfied with the report of the auditor so ruling. That such a charge, if it exists, is covered by the language of the act, is clear.

3. If it be true that the statute is one of repose and not of limitation, and that it applies to legacies charged upon land, the burden then rested upon the claimant to prove in his case in chief a payment, claim or demand, or a declaration or acknowledgment by Silas Wingett, of the existence of the charge, within twenty-one years : Korn v. Browne, 64 Pa. 55.

4. Moreover, if the burden so rests upon the claimant, no plea of the statute is needed. Besides, if it is a case where exact pleadings are required, the parties having gone to trial without pleadings, all form was waived : Sauerman v. Weckerly, 17 S. & R. 115 ; Baxter v. Graham, 5 W. 418. But it is not a case where the rules of common law pleading have place. In a hearing before an auditor, each creditor has a right to protect his interests in his own way, without regard to the forms of pleading : Kettera's Estate, 17 Pa. 423.

Opinion of the Court.

OPINION, MR. JUSTICE WILLIAMS:

We agree with the learned judge of the court below, that the act of 1855 is an answer to the claims made on behalf of legatees by the executor of the will of Reuben Wingett. The will was probated and letters testamentary issued in April, 1850. The first legacy fell due in 1851, and the last payment on the last legacy became due in September, 1864, when the farm on which it is sought to charge the legacies came into the full possession of Silas Wingett, under the terms of the devise to him. At that time the possession of the farm passed out of the executors, who were also trustees under the terms of the will, and vested in Silas, the devisee. He continued to own and occupy it until November, 1886, when it was sold by his assignees, he having become insolvent. The proceeds of this sale are the fund for distribution, and the contest over it is between the legatees under the will of Reuben Wingett, and the lien creditors of Silas, the devisee.

For more than twenty-two years, after reaching the age of twenty-five years, Silas had been the owner and occupant of the farm, and during all that time, as well as the sixteen years during which the executors were in possession, it is alleged that nothing had been paid upon the legacies. What, then, was the effect of the act of 1855 upon the legatees? Did it put the burden of showing the circumstances necessary to relieve against the bar of the act upon them? This is answered by a glance at the act itself. It provides that any one claiming the payment of any ground-rent, annuity, or other charge upon real estate, which has been due for twenty-one years, must show some "payment, claim, or demand," on account of the alleged lien, or some "declaration or acknowledgment of the existence thereof," made within the twenty-one years by the owner of the premises, subject to such charge. It is very clear, therefore, that if the person claiming payment of such charge or lien is able to show neither a claim or demand of payment made by him on the owner of such real estate, nor a payment upon or an acknowledgment of the existence of such lien or charge by such owner within the statutory period, then the act operates to raise a conclusive presumption of the release or extinguishment of the demand, and declares that it shall "thereafter be irrecoverable."

Nor is it necessary to plead this act. It is a defence under the general issue, and may be set up before an auditor where no formal pleadings are provided for; and, unless the claimant makes the proof of formal demand, or part payment, or other explicit acknowledgment of the existence of the lien asserted. within the time fixed, the act extinguishes the claim. Proof of mere non-payment is not enough. The non-payment must be accounted for consistently with a positive assertion of the demand on the one hand, or an explicit acknowledgment on the other.

In this case it appeared that Silas Wingett had been owner and occupant of the farm for more than twenty-one years. The legacies had remained due all that time. Before the legatees could come in on the fund, it was incumbent on them to show their formal demand of payment made upon Silas, or his part payment or acknowledgment, while still the owner of the farm, of its liability to this charge. Failing to do this the act became operative upon the legacies and they became "thereafter irrecoverable."

Judgment affirmed.