Benjamin B. Barber, Assignee of Richard T. Boswell, who was Assignee of Joseph H. Duckett, who was Assignee of George C. Barber, Appellant, *v.* Daniel Lefavour, Defendant, and Patrick Mullen, Terre Tenant.

*Ground rent—Presumption of extinguishment—Act of April 27, 1855, sec. 7.*

A declaration or acknowledgment of the existence of a ground rent made by the covenantor to a former owner of the ground rent after title had passed out of the former would not prevent or delay an extinguishment of it under the act of April 27, 1855, P. L. 369. The provision in that act in relation to such declaration or acknowledgment requires that it shall be made by the owner of the premises out of which the ground rent was reserved.

*Evidence—Ground rent—Collateral security.*

The testimony of a single witness, uncorroborated, that a conveyance of a ground rent absolute on its face was intended merely as collateral security is insufficient to convert the ground rent deed into a mere security for a debt or loan; and a party claiming to be owner of ground rent under such evidence is not such a person as may receive an acknowledgment of the existence thereof.

Argued March 31, 1896.    Appeal, No. 112, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1890, No. 50, on verdict for defendant, Patrick Mullen, terre tenant. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit for arrears of ground rent due upon deed described in the opinion of the Supreme Court. Before PENNYPACKER, J.

The defendant was not served. The issue was between the plaintiff and terre tenant.

The evidence tended to show that the lot of land in question fronted forty feet on Cedar street, extending by parallel lines forty-six feet eight and one-fourth inches, and then widening, so that at the rear on Spangler street it was fifty-nine feet eight and seven-eighths inches. The sheriff's deed referred to describes it as fronting forty feet on Cedar street. In the deed

from Relay to Mullen, the terre tenant, is a clause reciting "free and clear" of this ground rent, "which said ground rent has not been paid or demanded for upwards of twenty years from the date hereof."

The other facts sufficiently appear by the opinion of the Supreme Court.

The court below gave binding instructions for the defendant.

*Error assigned* was above instruction.

*W. Horace Hepburn*, for appellant.—The covenantor, Lefavour, is personally liable for the rent notwithstanding the fact that he may have parted with the title of the land : Kunkle v. Wynick, 1 Dall. 307 ; Berry v. McMullen, 17 S. & R. 87 ; Philips v. Clarkson, 3 Y. 128 ; Cadwalader on G. R., sec. 429 ; Charnley v. Hansbury, 13 Pa. 21 ; Thomas v. Connell, 5 Pa. 14. Judgment against him would be a sufficient claim : Heister v. Schaeffer, 45 Pa. 537. Evidence which establishes demand on him would rebut the presumption of a release or extinguishment. The provisions of the third section of the act of February 26, 1869, confirm the view that it is not necessary that demand should be made upon terre tenants.

The sheriff's sale only conveyed a lot forty feet wide to Spangler street, thus leaving Lefavour the owner of the triangular lot beyond that width : Wiler v. Griffith, 6 C. C. 204 ; Dickerson v. Landenbourgh, 4 Leg. Ins. Rep. 10.

The recital in the deed to Relay rebuts the presumption of payment : McQuesney v. Hiester, 33 Pa. 440 ; St. Mary's Church v. Miles, 1 Wh. 237.

*Henry T. Dechert*, with him *W. Henry Sutton*, for appellee. —The burden is on plaintiff : Korn v. Browne, 64 Pa. 55.

The title of the act of 1855 is conclusive.

The principle that an acknowledgment by one of two joint debtors is not sufficient, applies : Bush v. Stowell, 71 Pa. 208.

The evidence was not sufficient to show that Geo. C. Barber was an owner at the time of the declarations testified to by him : Van Voorhis v. Rea, 153 Pa. 19 ; Rankin v. Simpson, 19 Pa. 471 ; Plumer v. Guthrie, 76 Pa. 441 ; Nicolls v. McDonald, 101 Pa. 514 ; Fisher v. Witham, 132 Pa. 488 ; Burr v. Kase,

168 Pa. 81; Pancake v. Cauffman, 114 Pa. 113; Saunders v. Gould, 134 Pa. 445.

The promise must be made to the creditor or his known agent: Hostetter v. Hollinger, 117 Pa. 606; McKinney v. Snyder, 78 Pa. 500; Senseman v. Hershman, 82 Pa. 83; Patterson v. Neuer, 165 Pa. 66.

OPINION BY MR. JUSTICE McCOLLUM, July 15, 1896:

The ground rent in question was reserved by the deed of March 1, 1855, from George C. Barber to Daniel Lefavour. It was conveyed by Barber to Joseph H. Duckett by deed dated November 23, 1857, and by Duckett to Richard V. Boswell by deed dated May 4, 1861. Boswell conveyed it to Benjamin B. Barber by deed dated October 27, 1882. The consideration named in each conveyance of the ground rent was $3,750. There has been no payment of this ground rent, or on account of it, since its reservation in 1855.

On the 2d of April, 1866, the lot in which the ground rent was reserved was sold by the sheriff upon a judgment obtained in a suit upon a municipal claim and Abram D. Wood became the purchaser of it. Wood conveyed the lot to George W. Relay by deed dated November 4, 1874, and Relay conveyed it to Patrick Mullen by deed dated April 14, 1890. After 1868 and before the commencement of this suit no claim or demand was made upon Wood, Relay or Mullen for or on account of the ground rent, nor any declaration or acknowledgment made by either of them of the existence of it.

It will be seen from the above reference to the proceedings which resulted in the sale of the lot to Wood, and to the deeds by which the title he acquired was passed from him to Relay and from the latter to Mullen, that Lefavour had no title to the lot after April 2, 1866. It will also be seen from the reference to the deeds by which the title to the ground rent passed from George C. Barber to Benjamin B. Barber that the former had no interest in the ground rent after the 23d of November, 1857. These conclusions respecting the ownership of the lot and the ownership of the ground rent are authorized and fully sustained by the documentary evidence and there is nothing in the oral testimony which furnishes adequate ground for antagonizing them. It is true that George C. Barber testified that the con-

veyance of the ground rent to Duckett and to Boswell was intended as collateral security for his debt, but in this he was not corroborated by a single witness, or fact, or circumstance in the case. His testimony on this point was clearly insufficient to convert a deed absolute on its face into a mere security for a debt or loan. George C. Barber according to his own testimony recognized Wood in the summer of 1866 as the owner of the lot by demanding of him the arrears of ground rent. Lefavour never questioned the validity of the sheriff's sale or claimed to any holder of the title which passed by it that he was the owner of the lot or of any portion of it. In view of these facts we cannot regard the slight discrepancy between the description of the lot in the sheriff's deed to Wood and the description of it in Barber's deed to Lefavour as available in this proceeding to preserve the judgment against the terre tenant. It follows that after 1866 a declaration or acknowledgment by Lefavour of the existence of the ground rent could not prevent or delay an extinguishment of it under the act of April 27, 1855, because the provision in the act in relation to such declaration or acknowledgment requires that it shall be made by the owner of the premises out of which the ground rent was reserved. If therefore the claim for arrears of ground rent which Barber testified he made upon Lefavour in 1873 was not sufficient to prevent the running of the statute from a prior period the judgment entered by the learned court below must be affirmed. Did the claim so made have the effect which the plaintiff attributes to it? We think it did not. It was at most a claim by a former owner of the ground rent upon a former owner of the lot, a claim made in a conversation between parties having no title to either.

Judgment affirmed.