## DeHaven's Estate.

*Statute of limitations—Charge on land—Act of April 27, 1855, P. L. 368
—Payment.*

A voluntary deed to one of the heirs of a decedent by the other heirs
charging a sum of money on the land, the interest on which is to be paid to
the widow of the decedent during her life, and the principal to the heirs
after death, is within the provision of the Act of April 27, 1855, P. L. 368,
and if no payment, claim or demand is made by an heir for more than twenty-
one years after the death of the widow, the charge as to such heir will be
presumed to have been paid. In such a case the fact that the grantee be-
fore the expiration of twenty-one years executed a mortgage to a stranger
in which he refers to the land as subject to dower, does not prevent the
running of the statute.

The Act of April 27, 1855, P. L. 368, need not be pleaded, and its ben-
efits may be claimed in the appellate court.

Argued Nov. 10, 1903. Reargued March 14, 1904. Appeal,
No. 235, Oct. T., 1902, by John H. DeHaven and Levi De-
Haven from decree of O. C. Lancaster Co., May T., 1902, No. 10,
dismissing exceptions to adjudication in estate of Azariah De-
Haven, deceased. Before RICE, P. J., BEAVER, ORLADY,
SMITH, PORTER, MORRISON and HENDERSON, JJ. Reserved.

Exceptions to adjudication.
The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing exceptions to adjudica-
tion.

*B. F. Davis*, for appellants.—There was no order or decree
of the court directing any charge to be made, and the courts
had nothing to do with the transaction in making the deed and
putting the said charge upon the land conveyed by the deed.
It was, therefore, a charge contained in the deed made by the
acts of the parties. It was subject to the limitation of the Act
of Assembly of April 27, 1855, sec. 7, P. L. 368 : Fessenden's
Est., 170 Pa. 631 ; Meek's Est., 161 Pa. 360 ; Wallace v. Fourth
U. P. Church, 152 Pa. 258 ; Korn v. Browne, 64 Pa. 55 ; Biddle
v. Hooven, 120 Pa. 221.

The bar of the statute need not be pleaded : Wingett's App.,
122 Pa. 486 ; Dickson v. Porter, 2 Pa. Dist. Rep. 159.

*W. H. Roland*, with him *W. W. Franklin*, for appellee.—The statute of 1855 was not pleaded in the court below. It cannot now be pleaded : Hillerman v. Ingersoll, 5 Phila. 143 ; Heath v. Page, 48 Pa. 130 ; Alden's App., 93 Pa. 182.

This is statutory dower, and by virtue of the Act of Assembly of April 8, 1833, P. L. 315, this dower vested in the widow an estate in the land immediately upon the death of her husband.

The deed was executed and the dower was charged in pursuance of the act of assembly and recorded by the purchaser, thus making it record evidence in every court, and under the case of DeHaven v. Bartholomew, 57 Pa. 126, no statute of limitation would be applicable, because the subject is a debt of record, and is not grounded on any lending or contract without specialty : 2 Trickett on Liens, page 924 ; 1st Nat. Bank v. Cockley, 2 Pearson, 122.

OPINION BY MORRISON, J., July 28, 1904 :

This case is now before us on reargument on motion of counsel for the exceptants. When the case was formerly argued and submitted no reference whatever was made by the learned counsel for the exceptants to the Act of April 27, 1855, P. L. 368, and in the opinion which we filed on December 19, 1903, the said act was not considered, nor was it contended by the counsel that the claim in dispute was in any way controlled by said act. Therefore, our decision then made was upon the question of sufficient evidence to overcome the presumption of payment arising after the lapse of twenty-one years.

In that opinion we said: " James DeHaven died in 1860, intestate, seized of a farm of ninety-four acres and sixty perches of land, in Caernarvon township, Lancaster county, Pennsylvania, leaving to survive him a widow, Ann DeHaven, and six children, viz : James, Barbara, wife of George Handwork, Philip, Ann, Harriet and Azariah. On April 1, 1862, a deed for said tract of land was executed to Azariah DeHaven by his brothers and sisters, as heirs of James DeHaven, deceased, for the sum of $6,134.37, subject to the following charge, viz : ' Subject and charged with the principal sum of $2,044.79 during the lifetime of Ann, the widow of said deceased, the interest of said principal sum to be paid annually on the first day of April

to said widow, and after her death the said principal sum of $2,044.79 to be paid immediately to the heirs and legal representatives of said James DeHaven, deceased.' The evidence shows that written on the above mentioned deed are the accounts of the payment of interest on said sum for many years. The principal of this dower was never paid, and it was not contended by anybody seriously that Azariah DeHaven ever paid any part of it except the share of James, his brother, which was advanced to James before his mother's death to enable him to buy a farm.

"The said deed of April 1, 1862, was not recorded until July 11, 1894. At which time Azariah DeHaven borrowed $1,400 and executed a mortgage on three farms, of which the above mentioned farm was No. 1. Two of these properties were charged with dowers, and said dowers were referred to twice in the mortgage given for the $1,400 as follows: 'The first and second above mentioned tracts are respectively subject to dowers, as by indentures may appear,' and again, 'subject to the aforesaid dowers.' Azariah's deed and the said mortgage were recorded on the same day, to wit: July 11, 1894, and as soon as recorded sent back to him.

"The learned judge 'of the orphans' court distributed one third of this dower, which with interest thereon amounted in all to $906.19 to administrators to be appointed of Barbara Handwork, deceased, and it is over this distribution that the contest arises. The executors and devisees of Azariah DeHaven, deceased, except to this action of the orphans' court on the ground that the presumption of payment had arisen as to the portion of the dower claimed by the legal representatives of Barbara DeHaven Handwork. The length of time which had elapsed, about twenty-four years, is sufficient to raise the presumption of payment, which presumption, however, is only prima facie and is capable of being rebutted by evidence, that in fact there was no payment."

Upon the presentation of the question then made we were of the opinion that the recognition of the so-called dowers in the mortgage above referred to in connection with the payments of interest upon said claim for a period of about fourteen years with some other slight circumstances was sufficient to warrant the court below in holding that the so-called dower to

Barbara Handwork had not been paid, and we affirmed the decree of the court below awarding this money, with interest, to administrators of said Barbara.

In support of this we relied on Reed v. Reed, 46 Pa. 239; Eby v. Eby, 5 Pa. 435; McDowell v. McCullough, Admr., 17 S. & R. 51; Foulk v. Brown, 2 Watts, 209; Levers v. Van Buskirk, 7 W. & S. 70. And on the question of the findings of fact by the court below we cited Fague's Estate, 19 Pa. Superior Ct. 638; Murphy's Estate, 21 Pa. Superior Ct. 384.

As the matter was then presented to us we think we reached a correct conclusion, and if it were not for the new questions raised on the new argument we would be disposed to adhere to that decision.

In our opinion the charge created by the deed of April 1, 1862, comes squarely within the provisions of section 7 of the Act of April 27, 1855, P. L. 368, viz: " That in all cases where no payment, claim or demand shall have been made on account of, or for any ground rent, annuity or other charge, upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises, subject to such ground rent, annuity or charge, a release or extinguishment thereof shall be presumed, and such ground rent, annuity or charge shall thereafter be irrecoverable."

We think the fund in question was raised from the sale of land charged within the meaning of this act, and therefore our question is, had the claim become irrecoverable before it was presented in the orphans' court in this proceeding? The charge was created by the deed of April 1, 1862, and it would become due and payable immediately on the death of Ann DeHaven, which occurred on March 2, 1876. It appears that the heirs of Barbara Handwork did not present and demand their claim to her share of this charge till May 24, 1902, about twenty-six years after it became due by the very terms of the deed creating it. A careful examination of the evidence in regard to the payment of interest upon this so-called dower charge shows that the last payment of interest was made on March 26, 1875. This was about one year prior to the death of Ann DeHaven. The only other evidence of recognition of the existence of this charge which seems to us worthy of con-

sideration, is contained in the mortgage executed and delivered by Azariah DeHaven in July, 1894, to Cyrus G. Huyett. In that mortgage occurs the following: "The first and second above mentioned tracts are respectively subject to dowers, as by indentures may appear, and again, subject to the aforesaid dowers."

When the case was before us at the former argument we were of opinion that this was a strong recognition on the part of Azariah DeHaven in July, 1894, that the so-called dowers had not been paid. We are still of the opinion that it is some evidence upon that question. But inasmuch as the mortgage was made to a stranger, so far as the Handworks are concerned, we cannot see how it furnishes sufficient evidence to relieve the claim from the effect of the act of 1855, supra.

Counsel for the claimants urges that the statute of 1855 was not pleaded in the court below and for that reason it cannot be interposed now. This question was clearly ruled in the appeal of Stephen Wingett, 122 Pa. 486, where on page 494 Mr. Justice WILLIAMS says: "Nor is it necessary to plead this act. It is a defense under the general issue, and may be set up before an auditor where no formal pleadings are provided for; and unless the claimant makes the proof of formal demand, or part payment, or other explicit acknowledgment of the existence of the lien asserted, within the time fixed, the act extinguishes the claim. Proof of mere nonpayment is not enough. The nonpayment must be accounted for consistently with a positive assertion of the demand on the one hand, or an explicit acknowledgment on the other."

It is urged that the statute of limitations is not applicable in a dower case, the debt being of record, and DeHaven et ux. v. Bartholomew, 57 Pa. 126, is cited. That case was strictly dower, and it was not created by a voluntary deed like our case. Moreover the plea was non assumpsit infra sex annos, and the question of the effect of the act of 1855 was not considered. It is also contended that the latter act does not relate to dower. That may be conceded, and yet it does not help the argument because in strictness this case was not dower, although so named by the parties. It was a charge upon the land created by voluntary deed. The Act of June 8, 1893, P. L. 356, and the Act of May 8, 1895, P. L. 44, are also cited. But these acts

are not inconsistent with the act of 1855. The act of 1895 by its very terms covers charges under deed, will, mortgage, dower, recognizance, judgment, decree or other obligation or instrument creating charges upon land and provides a method for the release and discharge of the same after twenty-one years from the maturity of the charge. This act seems to place charges upon land created to secure dower upon the same footing as other charges by deed, etc., and by its plain terms all such charges seem to be barred after the expiration of twenty-one years from the date when the same becomes due and payable, where no payment has been or shall have been made within said period on account of such incumbrance or charge by the owner or owners of the land.

In regard to the claim that the act of April 27, 1855, was not raised in the court below, and therefore cannot be raised here, it is sufficient to say that it was contended in the court below that this claim was barred by the lapse of more than twenty-one years without any payment, acknowledgment, recognition or demand for payment having been made. And, therefore, it was the duty of the court below, and also of this court, to take notice of the acts of 1855 and 1895, which are general laws, even though the council did not cite said acts nor refer to them, either in his printed or oral argument. Notwithstanding this we are of opinion that the exceptants did not lose their legal rights under these statutes because they were not specially pleaded.

The record in the present case furnishes no sufficient evidence to relieve the claim from the operation of the act of 1855, because there is no evidence of such payment, declaration or acknowledgment or demand as will conclusively rebut the legal presumption of extinguishment or release after the lapse of more than twenty-one years from the date when the claim became due.

In Clay v. McCreanor, 9 Pa. Superior Ct. 433, we held in a careful opinion by RICE, P. J.: " Mere admissions made to a stranger, or implied from transactions with him, may possibly be corroborative and admissible in evidence upon that ground, where there is proof of a distinct and unequivocal acknowledgment to the ground rent owner; but we cannot think that every such loose admission is, of itself, sufficient to make the

question of extinguishment or release a question of fact for the jury, if all the other facts essential to bar action exist in the case.  The declaration or acknowledgment which the legislature contemplated is one, which, if satisfactorily proved, conclusively, and as a matter of law, rebuts the presumption of extinguishment or release.  If the recital in the deed of August 20, 1878, falls short of being such an acknowledgment or declaration, then, by the express stipulation of the case stated, judgment was properly entered for the defendant. It should be noticed that this clause of the deed added nothing whatever to, and took nothing from, the rights or remedies of the ground rent owner.  It was not a declaration or acknowledgment made to him or his agent, or which was intended to inure or did inure by operation of law to his benefit."

It is true the above was a ground rent case, but the acknowledgment and declaration of the existence of the ground rent was much like the recitation in the mortgage in our case, and this was the only recognition relied upon to rebut the presumption of extinguishment or release on account of no claim or demand having been made within the period of twenty-one years. Therefore we regard the principle decided applicable to the present case.

If we are correct in holding the claim in question to be a charge upon land, within the meaning of the acts of 1855 and 1895, then it is quite clear there is no more to rebut the presumption of extinguishment or release than was agreed upon in that case.  To apply a different doctrine to the present case would require the overruling of that case and we discover no sufficient ground for doubting its soundness.  We are, therefore, of opinion that there was error in not holding the so-called dower charge extinguished and released by the lapse of time. This conclusion requires the sustaining of the fourth and fourteenth exceptions and the decree of the court below is now reversed, and it is ordered that the fund in question be awarded to the parties lawfully entitled thereto excluding the claim of the appellee under the so-called dower charge.  And it is further ordered that the legal costs in this appeal be paid out of the fund for distribution.