---

# DeHaven's Estate.

*Statute of limitations—Charge on land—Acts of March 27, 1713, 1 Sm. L. 76,* and *April 27, 1855, P. L. 368—Demand or acknowledgment within twenty-one years—Findings of fact.*

1. The character and weight of evidence required to rebut the presumption of payment of a charge upon land is under the Act of April 27, 1855, P. L. 368, very different from that required to establish a new claim or cause of action where there has been an absolute bar to recovery under the statute of limitations of March 27, 1713, 1 Sm. L. 76. Under the act of 1855 all that is necessary to prove to rebut the presumption that a charge on land had been paid is, that within twenty-one years a claim or demand had been made by the claimant, or payment, declaration or acknowledgment of the existence of the claim had been made by the debtor.

2. A finding by the orphans' court based upon competent evidence that a claim or demand had been made for the payment of a charge upon land within twenty-one years, and a payment on account or acknowledgment of the existence of the claim had been made by the

debtor within the same period, will not be reversed by the appellate court in the absence of manifest error.

*Courts—Jurisdiction—Supreme Court—Superior Court.*

3. The Superior Court has no power to review the action of the Supreme Court in directing that an adjudication of the orphans' court should be open so that additional testimony might be taken.

Argued Nov. 11, 1908. Appeal, No. 8, Oct. T., 1908, by defendant, from decree of O. C. Lancaster Co., May T., 1902, No. 10, dismissing exceptions to adjudication in Estate of Azariah DeHaven, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.

From the record it appeared that the question involved was whether a charge of $2,000 on land had been paid or was barred by the Act of April 27, 1855, P. L. 368.

The facts of the case appear by the opinion of the Superior Court.

*Error assigned* was decree dismissing exceptions to adjudication.

*B. F. Davis,* for appellant.

*W. H. Roland* and *W. W. Franklin,* for appellee.

OPINION BY BEAVER, J., December 20, 1909:

This case has had an unusual and, in some respects, a rather remarkable course. It has been heard thrice in this court. An opinion was first handed down December 19, 1903, which does not seem to have been reported, probably for the reason, as explained in DeHaven's Est., 25 Pa. Superior Ct. 507, that "When the case was formerly argued and submitted no reference whatever was made by the learned counsel for the exceptants to the Act of April 27, 1855, P. L. 368, and in the opinion which we filed on December 19, 1903, the said act was not considered, nor was it contended by the counsel

that the claim in dispute was in any way controlled by said act. Therefore, our decision then made was upon the question of sufficient evidence to overcome the presumption of payment arising after the lapse of twenty-one years."

Notwithstanding the fact that the Act of April 27, 1855, P. L. 368, had not been invoked in the court below, it was considered upon the reargument here that we were bound by the act of assembly and were not at liberty to disregard it, notwithstanding the fact that its provisions had not been invoked below. It was urged by the appellee at that time that the statute of 1855, not having been pleaded in the court below, could not be then interposed, but, as is clearly shown, an act of assembly not pleaded is different from a question of law not raised in the court below, and, relying upon Wingett's App., 122 Pa. 486, it was determined that the act of 1855 applied and that, therefore, presumption of payment of the claim of the appellee—then and now—was raised by failure of evidence of a demand on the one hand or an explicit acknowledgment on the other.

Upon application to the Supreme Court, an appeal from our decision was allowed, which, upon hearing, was determined adversely to the appellant and our judgment was affirmed upon the opinion of our Brother MORRISON: De-Haven's Est., 215 Pa. 549. Subsequently, upon application to the court below to have distribution made, in accordance with the decree of the Superior Court, the claimant, who is the appellee here and was the appellant in the Supreme Court, was permitted to call witnesses to prove demand for, or acknowledgment of, the claim within the period of twenty-one years. An application was then made to the Supreme Court to reopen the case and, on hearing, an order was made, permitting "John B. Miller, administrator, to submit proof of acknowledgment of the claim of his decedent" and subsequently, on March 7, 1907, the order was enlarged, so as to allow the appellant to submit evidence of acknowledgments that the claim was paid. This practically opened the entire question and permitted a hearing de novo. Upon testimony submitted by both sides, the court held that the testimony

taken upon the hearing in the reaudit established a demand by the claimant and acknowledgment by the decedent of the claim of the present appellee and awarded the amount of the said claim to the claimant. From that adjudication and decree, an appeal has been taken by the parties who were appellants in the case when previously before us.

Although the question is practically the same now as then, it arises under entirely different circumstances, the testimony in regard to demand by the claimant and acknowledgment by the decedent raising the distinct question as to whether or not the presumption of payment under the act of 1855 is rebutted, there having been no evidence upon that subject when the case was here before.

The counsel for the appellant fails to distinguish between what we call the statute of limitations, namely, sec. 1 of the Act of March 27, 1713, 1 Sm. L. 76, and the seventh section of the Act of April 27, 1855, P. L. 368. In the former, certain personal actions therein specifically set forth are absolutely barred by the lapse of six years. By the latter "where no payment, claim or demand shall have been made on account of, or for any ground rent, annuity or other charge upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises, subject to such ground rent, annuity or charge, a release or extinguishment thereof shall be presumed, and such ground rent, annuity or charge shall thereafter be irrecoverable." In the appellant's argument here the authorities cited relate for the most part to the statute of limitations, and we are asked to determine that the same character and weight of evidence is required to establish the claim or rebut the presumption of payment under the act of 1855 as is required to establish a new claim or cause of action where there has been an absolute bar to recovery under the statute of limitations. But the authorities relating to the one are not in any way applicable to the other except perhaps by way of analogy. Few acts of assembly have received a greater number of authoritative adjudications by our appellate courts than the statute of limitations of 1713, but

they are in no sense applicable to the act of 1855. In the latter case, the presumption of payment is raised by the lapse of twenty-one years. If, however, claim or demand has been made by the claimant, or payment, declaration or acknowledgment of the existence of the claim shall have been made by the debtor, that presumption is rebutted. Clay v. McCreanor, 9 Pa. Superior Ct. 433, was cited in our previous decision as authority as to whom the acknowledgment is to be made, but it does not apply.

The question, therefore, which arose in the court below, and which we are called upon to consider here, is, Was there claim or demand made by the claimant, now represented by the appellee here, or was there any payment on account of the claim, or any declaration or acknowledgment of the existence thereof by the decedent, who is represented by the appellant here, within the period of twenty-one years?

The testimony upon this subject was somewhat conflicting. The court below found as a fact, upon a careful analysis of the testimony, referring to the character, appearance and surroundings of the witnesses, that the presumption of payment arising from the lapse of time had been rebutted. In the opinion overruling the exceptions to the findings of the court below in the audit, it is said: "By authority of the Supreme Court given by their modified decree, the audit was reopened for the purpose of taking testimony relating to payment of the charge on the land and an acknowledgment of its existence. The testimony previously taken was offered in evidence—only as much, however, as was applicable to the question was admissible and only such was considered. There had been sufficient evidence without that offered at the time the audit was reopened to satisfy both the Superior and lower courts that the presumption of payment had been rebutted. That, together with what has since been submitted, was ample to establish the fact that Azariah DeHaven had not paid the charge, that within twenty-one years, payment, claim or demand was made on account of it, and that within that time he acknowledged its existence, without considering Wanner's testimony.

"Exceptants' counsel argues that preponderance of testimony must control, and would have preponderance measured by the majority rule. Because exceptant had the greater number of witnesses, therefore, and necessarily, his contention must prevail in his argument. The evidence which carried conviction preponderated. The frank testimony of a truthful witness may preponderate, though a dozen affirm differently."

Upon a careful examination of the testimony, we are not convinced that the court below misinterpreted the effect thereof, nor are we convinced that in the careful analysis of the testimony and of the surroundings of the witnesses, the adjudicating judge failed to reach a correct conclusion. We are, therefore, disposed to follow the general rule as to the finding of fact by an auditor or an adjudicating judge, confirmed after exceptions and argument upon a careful consideration. We are unable, therefore, to reach the conclusion which would justify us in overturning the finding of fact deliberately made and confirmed, upon competent and sufficient testimony, by the court below. We have no hesitation in saying that, if the question here were whether or not the appellee had shown, by competent and sufficient testimony, what would establish a new and distinct promise such as would support an action upon a claim barred by the statute of limitations, the testimony would not have been sufficient. This is the question, for the most part, argued by the appellant, but it is not the question before us. We repeat, in order to be clearly understood, that the question here is, Was there claim or demand made by the claimant or was there payment, declaration or acknowledgment of the existence of the claim by the debtor which rebutted the presumption of the existence of the claim, which made it irrecoverable? Authorities arising under the statute of limitations are abundantly cited by the appellant, but have no application whatever to the question under consideration except as hereinbefore intimated. The appellant continually refers to the bar of the statute and speaks of the act of April 27, 1855, as the bar of the statute of limitations. This is only another mode of misapprehending

the question and misapplying the well-understood names of statutes, which have had centuries of interpretation and application, to those of comparatively modern enactment which are essentially different in character and scope.

The appellant proposes, as one of the questions involved in the case, "Whether the Supreme Court had the right to order a reopening of the adjudication, without the record before it." It is scarcely necessary to say that this is a question which does not properly come before us. The Supreme Court is the best authority to determine its own jurisdiction, and the manner in which its authority is to be exercised. The time to raise that question was when the case was before the Supreme Court for argument and determination.

Upon the entire case, as presented to us, we are of opinion that the decree of the court below should be affirmed.

Decree affirmed and appeal dismissed at the costs of the appellant.