## Stephenson's Estate.

*Decedents' estates—Legacies—Charge on land—Statute of limitations—Acts of April 27, 1855, P. L. 368, Sec. 7, and February 26, 1869, P. L. 3—Pleading—Practice, C. P.*

1. If the person claiming payment of a charge upon land is not able to show either a claim or demand of payment made by him on the owner of such real estate, or a payment upon or an acknowledgment of ·the existence \of such lien or charge within twenty-one years from the date when the same became due and payable, the Act of April 27, 1855, P. L. 368, Section 7, relating to the limitation of actions to recover sums of money charged upon or liens against real estate, operates to raise a conclusive presumption of the release or the extinguishment of the demand, and declares that it shall thereafter be irrecoverable.

2. To remove the bar of the Act of 1855 demand must be made of, or acknowledgment by, all the owners sought to be affected thereby, in accordance with the Act of February 26, 1869, P. L. 3. Declarations by a life tenant can affect only his own interest.

3. It is not necessary to plead the Act of 1855.

4. A testator made a bequest to a minor in trust and provided that such fund as remained at the time the legatee reached majority should be paid to the legatee in such parts as the trustee might deem necessary. At .the hearing of a petition to charge certain real estate of the decedent with the payment of such legacy, it appeared that the petition was not filed until 28 years after the testator's death and until 24 years after the petitioner became of age; that the owners of real estate sought to be charged had never acknowledged that the land was subject to such charge, and that no demand had theretofore been made upon them. *Held,* (1) the legacy became a charge on the land at the time of testator's death and was presently demandable; (2) petitioner's claim was barred by the Act of 1855 and the petition should have been dismissed.

Argued Oct. 23, 1916.  Appeal, No. 178, Oct. T., 1916, by Thomas B. Stephenson, Sarah Stephenson, James M. Stephenson, Lettie Barnett, Charles N. Stephenson and Sarah A. Powelson, from decree of O. C. Allegheny Co., April T., 1915, No. 287, charging land with the payment of a legacy, in Estate of Thomas Stephenson, deceased. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ.  Reversed.

Petition for a decree for the charging of land with the payment of a legacy.  Before MILLER, J.

The opinion of the Supreme Court states the facts.

The court found that $2,500 of the legacy bequeathed to Maggie J. Lewis was unpaid and directed that decedent's land be charged with the payment of said legacy with interest from the date of the death of the executrix. Thomas B. Stephenson et al. appealed.

*Error assigned* was the decree of the court.

*George C. Bradshaw,* with him *Thomson & Bradshaw* and *Hice, Morrison, Reader & May,* for appellant.—Petitioner's claim was barred by the Statute of Limitations of April 27, 1855, P. L. 368: Wingett's App., 122 Pa. 486; Meek's Est., 161 Pa. 360.

*Elmer L. Kidney,* for appellee.

OPINION BY MR. JUSTICE WALLING, February 19, 1917:

On February 16, 1887, Thomas Stephenson made his last will wherein he provided, inter alia:

"Fifth. I give and bequeath unto my granddaughter Maggie J. Lewis the sum of Five thousand ($5,000.00) dollars for her own sole use and Benefit and if she is a minor at time of my death it is my will that the said five Thousand dollars Shall be deposited by my executrix in some good Bank for her use until she arrives at the age of twenty-one (21) years and should any Part of said

Principal be necessary for her before she arrives at said age such amount shall be Paid to her as to my executrix may seem Proper and Should Maggie J. Lewis die before she arrives at the age of twenty-one (21) years the said Five thousand ($5,000.00) dollars shall go to the Remainder of my heirs after death of my wife Mary, less such amount as the executrix deemed necessary for her during her minority.

"Sixth. All the Remainder of my Property Real Personal and Mixed where ever the same may be at the time of my death I hereby give and bequeath unto my beloved wife Mary Stephenson for and during the term of her natural life.

"Seventh. I hereby appoint my said wife, Mary Stephenson Sole executrix of this my will and testament."

The same day he added a codicil as follows, viz:

"The five thousand ($5,000.00) dollars bequeathed to Maggie J. Lewis or such Sum as Shall remain, at the time that the said Maggie J. Lewis arrives at the age of twenty-one (21) years Shall remain in the Hands of my executrix and by my said executrix Paid to the said Maggie J. Lewis in such parts as my said Executrix may Deem to be necessary for the said Maggie J. Lewis."

He died on September 30th, of the same year; and his will and codicil were duly probated and letters testamentary issued to his widow. Aside from his granddaughter and widow, the testator left four children to whom he made specific devises of certain real estate, not including, however, the farm hereinafter mentioned.

Mrs. Stephenson survived her husband ten years but never filed any account or made any settlement of the personal estate, which was inventoried at $12,445, and consisted largely of mortgages and notes; some of which were never collected and some were collected by a son, who died in the West, insolvent, without having paid over to the executrix the amounts so received. Mrs. Stephenson may never have paid her granddaughter any moneys expressly to apply on said legacy; but Miss

Lewis was seventeen years old when testator died, and for ten years thereafter lived with and was supported by her grandmother, including her board, clothing, college education, etc. And the court below finds upon competent evidence that $2,500 were so expended and should be credited on the legacy. Mrs. Stephenson exhausted the personal estate and left practically nothing. The residuary estate, of which she had the life use under the will, included a farm of sixty acres in Allegheny County, which, subject to such life estate, vested in testator's heirs at law. When she became of age, Miss Lewis and the executrix discussed the question of the legacy and obtained legal advice to the effect that, because of the blending of real and personal estate in said residuary clause of the will, her legacy was a charge upon the farm and would be paid on sale or partition thereof. Maggie J. Lewis, now Mrs. Teets, the petitioner in this case, inherited and owns one-fourth of the farm and the balance was inherited and is owned by respondents. This proceeding was brought in 1915, praying that said legacy be decreed a charge upon the above mentioned farm and payable out of the same.

After a full hearing, the court below granted the prayer of petitioner as to the $2,500 found to be still unpaid on said legacy, with interest thereon from the death of the executrix. There is no evidence that petitioner, prior to filing her petition in this case, made any claim or demand upon the respondents for the payment of said legacy, or that they made any payment thereon or any declaration or acknowledgment of the existence thereof, except, as we understand the facts, the question of this legacy was mentioned in reference to a proposed partition of the farm a short time before the beginning of this proceeding.

Section 7 of the Act of April 27, 1855, P. L. 368, provides:

"In all cases where no payment, claim or demand shall have been made on account of or for any ground rent,

annuity, or other charge upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises, subject to such ground rent, annuity or other charge, a release or extinguishment thereof shall be presumed, and such ground rent, annuity, or other charge shall thereafter be irrecoverable."

Conceding the correctness of the finding of the Orphans' Court, that one-half of said legacy was never paid, and of the conclusions that, owing to the blending of real and personal estate in said residuary clause, the legacy became a charge upon the land in question, and that petitioner was not barred by the failure of the executrix to properly administer the personal estate and apply the same to the payment of said legacy, yet we are of the opinion that said statute prevents granting the relief sought in this case.

By the will the executrix is constituted a trustee in effect to collect and deposit said legacy and use it for petitioner's benefit; and it became a charge upon the land if ever at testator's death and presently demandable. The period of limitations under the act runs from the time the charge becomes due and payable: Eichelberger v. Gitt, 104 Pa. 64. And it was not within the power of Mrs. Stephenson, as life tenant or executrix, to extend or enlarge the lien of said legacy as against respondents' land; and so far as appears she never attempted to do so. Her payments or acknowledgments might bind her own interest but not that of the heirs. To remove the bar of the statute the demand must be made of, or the acknowledgment by, all the owners sought to be affected thereby: see Act of February 26, 1869, P. L. 3.

This petition was not filed until twenty-eight years after testator's death, and until twenty-four years after petitioner became of age; and, nothing being shown to extend the lien as against the heirs beyond the statutory

period of twenty-one years, the land cannot now be charged with the payment of the legacy:

"It is very clear, therefore, that if the person claiming payment of such charge or lien is able to show neither a claim or demand of payment made by him on the owner of such real estate, nor a payment upon or an acknowledgment of the existence of such lien .or charge by such owner within the statutory period, then the act operates to raise a conclusive presumption of the release or extinguishment of the demand, and declares that it shall thereafter be irrecoverable": Wingett's App., 122 Pa. 486, 493.

The acknowledgment must be made by the owner of the premises: Barber v. Mullen, 176 Pa. 331; and see Wallace v. Fourth U. P. Church, 152 Pa. 258. It is not necessary to plead the Act of 1855: Wingett's App., supra; DeHaven's Est., 25 Pa. Superior Ct. 507.

For the reasons above stated the decree of the court below is reversed and the petition is dismissed at the cost of the appellee.