## McAlpin v. Simpson

*Henry W. Balka*, for plaintiff.

*Louis J. Goffman*, for intervener.

**P. I. Guest.** for Eva Nelson Simpson and Girard Trust Company, Executors and Trustees of the Estate of Matthew Verner Simpson, deceased, defendants.

MACNEILLE, P. J., April 5, 1946.—We are considering a petition and rule filed on behalf of Eva Nelson Simpson and the Girard Trust Company, executors and trustees of the estate of Matthew Verner Simpson, deceased, to show cause why a decree entered March 28, 1945, extinguishing a certain ground rent should not be set aside and petitioners allowed an opportunity to enter their defense. The facts are as follows:

By deed dated March 1, 1906, Joseph Fitzell et ux. conveyed 1520 South Twenty-seventh Street, Philadelphia, to Sallie C. Smith, reserving for himself, his heirs, etc., a yearly ground rent in the principal amount of $1,500, providing that the rent should be paid semiannually in the amount of $45 on the first day of March

and $45 on the first day of September. On January 7, 1911, Joseph Fitzell et ux. conveyed the ground rent to Emma Lathers Simpson, who died December 23, 1914, leaving a will, and because of the operation of the residuary clause the title to the ground rent vested in her husband, Matthew Verner Simpson. Matthew Verner Simpson died September 20, 1923, and under the terms of his will he named Eva Nelson Simpson, Richard Lathers, Jr., and Girard Trust Company as executors and trustees. Richard Lathers, Jr., died December 28, 1925, leaving Eva Nelson Simpson and the Girard Trust Company surviving executors and trustees, and so they appear as petitioners to set aside the extinguishment of ground rent.

The petition for extinguishment of the ground rent was filed by Jane McAlpin on January 24, 1945, and averred that Matthew Verner Simpson was the latest reported owner and that title to the same remained in his heirs, whose identity was unknown to petitioners, whereupon the court ordered service by publication.

There was a supplemental petition filed on March 28, 1945, by Jane McAlpin, in which she said that she did not know and was unable to ascertain the whereabouts of Matthew Verner Simpson, his heirs and assigns, and therefore was unable to serve a copy of her petition upon him, his heirs and assigns. This petition was allowed to be filed nunc pro tunc.

On March 28, 1945, upon proof of such service by publication, a decree was entered extinguishing the ground rent forever. The decree is of record in the register of deeds office in Deed Book C. J. P. no. 840, page 567, etc., having been filed April 12, 1945.

On June 26, 1945, Jane McAlpin, owner and petitioner, sold the premises to John Mylin for valuable consideration. The deed to Mylin recited the ground rent and its extinguishment by decree of court. On February 18, 1946, this court permitted John Mylin to intervene as a party plaintiff. Jane McAlpin's title was derived in the following manner:

There was a deed to her mother, Margaret McAlpin on January 23, 1908, who died on July 12, 1936, intestate, leaving to survive her a son, Hugh McAlpin, and her daughter Jane McAlpin. Hugh McAlpin died May 24, 1943, intestate, leaving Jane McAlpin the sole owner.

The decree issued by the court March 28, 1945, ordering the extinguishment of the ground rent on premises 1520 South Twenty-seventh Street was in accordance with the Act of April 27, 1855, P. L. 368, sec. 7, 12 PS §80, and the Act of July 19, 1917, P. L. 1112, 68 PS §§184-190. The Act of 1855 provided:

"That in all cases where no payment, claim or demand shall have been made on account of, or for any ground rent, annuity or other charge upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises, subject to such ground rent, annuity, or charge, a release or extinguishment thereof shall be presumed, and such ground rent, annuity or charge shall thereafter be irrecoverable: . . ."

The Act of 1917 provided in part:

"Section 1. Be it enacted, &c., That in all cases in which a ground-rent has been reserved, whether the deed is recorded or not, and whether the names of the parties thereto or the owner or owners of the ground rent are known or unknown, and such ground rent has been or may be extinguished by payment or by presumption of law, but no sufficient deed of extinguishment or release thereof appears of record, it shall and may be lawful for the owner or owners of the land, or any part or parts thereof, out of which the said rent or any part thereof issues, or any person or persons interested in such lands, to apply by petition, under oath or affirmation, to the court of common pleas of the county in which the land out of which the rent was reserved is situate; setting forth the ownership of such

land, their interest therein, the reservation of the rent, and the name of the present holder or holders, owner or owners of said rent, if known; and, if not known, then stating the name of the last recorded owner, if any; or, if none, then the name of the person or persons who first reserved the said rent; and also the fact that the said rent has been extinguished, and the method or means whereby it became extinguished; whereupon a rule shall be granted by the said court upon the present owner or owners of said rent, if the same are known, or, if not known, upon the last recorded owner thereof, if any, or, if none, then upon the person who first reserved the said rent, and upon the heirs of any such person having a real or apparent interest, if he should be deceased, requiring him or them to answer the same rule and show cause why a decree should not be made declaring the said ground-rent to be released, merged, and forever extinguished: which rule may be made returnable to any term or return day of such court; and the court shall make such order for the service of such rule, either by personal service or by publication, as the court shall see fit: Provided, however, That all known persons who are made respondents, who reside in the county, shall be served personally, and that all other persons interested may be served by publication in two newspapers and in the legal periodical designated by the rules of court for the publication of legal notices, published in the county in which the land lies, once a week for four successive weeks, the last issue of which shall be at least thirty (30) days before the return day.

"Section 4. In the event of any of the said parties, claiming or having an apparent interest in said ground-rent, shall appear and sufficiently answer said rule, an issue shall be framed by the said court to try the question whether said ground-rent has been extinguished by payment or presumption of law, in which issue the person or persons so appearing and answering

said rule shall be plaintiffs, and the petitioner or petitioners shall be the defendants; and, in case of a rent reserved by a deed or conveyance dated more than twenty-one (21) years before the filing of said petition, the burden of proof shall be on the plaintiffs to show that the said ground-rent is not extinguished by payment or presumption of law."

The Act of 1855 raises a presumption of the extinguishment of the ground rent and places the burden of proving that there wasn't an extinguishment on the ground rent owner. The Act of 1917 setting forth the procedure to be followed in bringing an action for extinguishment of a ground rent recognizes the presumption created in the Act of 1855 by expressly providing that the ground rent owner or person answering the rule shall become plaintiff and the petitioner shall become defendant. The act also places the burden of proof on the ground rent owner to show that the ground rent is not extinguished by payment or presumption of law.

The respective rights of the parties are thus controlled by the above statutes. The successors to the interest of the ground rent owners, hereinafter called petitioners, filed a rule to show cause why the decree extinguishing the ground rent should not be set aside and petitioners be allowed to enter a defense. In a petition to open a judgment entered by default, the petition is addressed to the trial court's sound discretion and is essentially an equitable proceeding ruled by equitable principles. Relief should only be granted where the petition is promptly filed, the default reasonably explained or excused and a defense that would have been sufficient to take the case to the jury if it had been filed before judgment was entered. See Henderson v. Hendricks, 94 Pa. Superior Ct. 568, Silent Auto. Corp. of Northern New Jersey v. Folk, 97 Pa. Superior Ct. 588, Pinsky v. Master, Admx., et al., 343 Pa. 451, Quaker City Chocolate and Confectionery

Company v. Warnock Building Association et al., 347 Pa. 186. We will thus consider whether petitioners have a valid defense on the merits. Petitioners do not even contend that there was a payment or demand made within the 21-year period, but rely solely on the fact that there was an acknowledgment of the ground rent within the 21-year period. The alleged acknowledgment is based on evidence produced in depositions taken February 6, 1946. The facts relied on by petitioners revealed that Margaret McAlpin, former owner of the fee, died intestate on July 12, 1936, leaving as her sole surviving heirs, Hugh McAlpin, a son, and Jane McAlpin, a daughter. On July 21, 1936, Hugh McAlpin petitioned the register of wills for letters of administration on his mother's estate. In this petition he stated the net value of the real estate at 1520 South Twenty-seventh Street, Philadelphia, to be $400. There is no mention of the ground rent in this petition. On November 6, 1936, the attorney for the estate wrote a letter to the direct inheritance tax appraiser stating that the premises involved herein was assessed for taxation purposes at $2,000 for the year 1936, against which was a ground rent of $1,500. There is no evidence that the attorney was authorized to acknowledge the ground rent on behalf of Jane or Hugh McAlpin. The tax appraiser then certified the property for inheritance tax purposes and listed the property as subject to a ground rent. The only other document at all pertinent is the warranty deed conveying the premises from plaintiff, Jane McAlpin, to intervener, John Mylin, the present owner. The conveyance was made after the 21-year period and after the extinguishment decree and recites the fact of the extinguishment of the ground rent. It seems clear to this court that none of the above acts or documents was an acknowledgment of the existence of the ground rent by the owner of the premises as required by the Act of 1917. The acknowledgment must be made by the owner

and it must be addressed to the owner of the ground rent. Even assuming Hugh McAlpin's petition for letters of administration was an acknowledgment by him, it would not bind Jane McAlpin, plaintiff here. See Stephenson's Estate, 256 Pa. 487, and Coulter v. Line, Executor, 262 Pa. 95. But neither Hugh McAlpin's petition nor the letter of the attorney to the tax appraiser was an acknowledgment sufficient at law to bind the owners of the fee. The alleged acknowledgment was not made to the owner of the ground rent or to any one on the owner's behalf. Mere admissions or declarations to one not the owner of the ground rent are not sufficient to rebut the presumption contemplated by the legislature and embodied in the Acts of 1855 and 1917. See Clay v. McCreanor, 9 Pa. Superior Ct. 433, DeHaven's Estate, 25 Pa. Superior Ct. 507, Cadwalader v. Springsteen, 36 Pa. Superior Ct. 134, Murphy v. Green, 48 Pa. Superior Ct. 1, McKinney v. Snyder, 78 Pa. 497, Barber v. Mullen, 176 Pa. 331, DeHaven's Estate, 215 Pa. 549. Clearly the certification by the tax appraiser of the value of the property and making reference to the ground rent was not an acknowledgment by the owners. Certainly the warranty deed from Jane McAlpin to John Mylin after the 21-year period had elapsed and specifically stating that the ground rent was extinguished, would not be an acknowledgment under the statute.

Further, we have in this case an innocent purchaser for value holding the present title. John Mylin bought the premises on June 26, 1945, for valuable consideration. He relied upon, and was entitled to rely upon, the decree of this court extinguishing the ground rent. This action by petitioners was not begun until nearly six months after the present owner acquired title and it is now too late to attack the decree of extinguishment as against the present owner. We therefore conclude that the said decree should not be disturbed, as petitioners have no valid defense to the merits.

Petitioners contend the decree should be set aside because plaintiff in her original petition did not allege that there had not been an acknowledgment for over a period of 21 years. The petition of plaintiff for extinguishment of the ground rent need not anticipate any supposed or alleged defense. Plaintiff alleged no rent had been paid, and no claim or demand had been made for over a period of 21 years. The Act of 1855 and the Act of 1917 placed the burden of proving that there was no extinguishment of the ground rent on the alleged owners thereof. See Wingett's Appeal, 122 Pa. 486. Even had plaintiff alleged that there had been no acknowledgment of the ground rent as petitioners insist is necessary, petitioners would be in no better position as they have no defense to the merits of the case. The law does not require plaintiff to do a useless act, and it is immaterial that plaintiff did not allege in her petition that there was no acknowledgment for over a period of 21 years.

Since we are considering a petition and rule filed on behalf of Eva Nelson Simpson and the Girard Trust Company, executors and trustees of the estate of Matthew Verner Simpson, deceased, to show cause why a decree entered March 28, 1945, extinguishing the ground rent should not be set aside and petitioners allowed to enter their defense, there is no reason for setting aside the service that was made in the proceeding by Jane McAlpin in which she sought to have the ground rent marked extinguished, and in which she succeeded in having the court enter a decree. The object of such service was to bring defendants into court. These defendants, who are petitioners before us, have entered their general appearance, and thus we have jurisdiction of the parties. They did not enter an appearance de bene esse, but sought to have the decree set aside and the judgment opened to permit them to make a defense.

We have given careful consideration to their petition and to the depositions which were taken in pursu-

ance thereof. The only defense which they offer is that there was an acknowledgment of the ground rent. The depositions do not show that they have sufficient evidence to establish that there was such an acknowledgment.

Wherefore, we enter the following

*Order*

And now, to wit, April 5, 1946, the petition and the rule to show cause why the decree of March 28, 1945, extinguishing the ground rent should not be set aside and petitioners be allowed to enter their defense, is dismissed and discharged.