plain the trade meaning of a technical term used in connection with the particular work which was the subject of the agreement: Brown v. Brooks, 25 Pa. 210; Carey v. Bright, 58 Pa. 70.

The judgment is affirmed.

---

## DeHaven's Estate.

215    549
s41SC 384

*Statutes of limitations—Charge on land—Act of April 27, 1855, P. L. 368 —Payment.*

A voluntary deed to one of the heirs of a decedent by the other heirs charging a sum of money on the land, the interest on which is to be paid to the widow of the decedent during her life, and the principal to the heirs after death, is within the provision of the Act of April 27, 1855, P. L. 368, and if no payment, claim or demand is made by an heir for more than twenty-one years after the death of the widow, the charge as to such heir will be persumed to have been paid. In such a case the fact that the grantee before the expiration of twenty-one years executed a mortgage to a stranger in which he refers to the land as subject to dower, does not prevent the running of the statute.

Argued May 14, 1906.   Appeal, No. 300, Jan. T., 1904, by John H. DeHaven and Levi DeHaven, from judgment of Superior Court, Oct. T., 1902, No. 235, reversing judgment of O. C. Lancaster Co., May T., 1902, No. 10, dismissing exceptions to adjudication in Estate of Azariah DeHaven.   Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Appeal from Superior Court.   See 25 Pa. Superior Ct. 507.

MORRISON, J., filed the following opinion :

This case is now before us on reargument, on motion of counsel for the exceptants. When the case was formerly argued and submitted no reference whatever was made by the learned counsel for the exceptants to the Act of April 27, 1855, P. L. 368, and in the opinion which we filed on December 19, 1903, the said act was not considered, nor was it contended by the counsel that the claim in dispute was in any way controlled by said act. Therefore, our decision then made was upon the

question of sufficient evidence to overcome the presumption of payment arising after the lapse of twenty-one years.

In that opinion we said, " James DeHaven died in 1860, intestate, seized of a farm of ninety-four acres and sixty perches of land, in Cærnarvon township, Lancaster county, Pennsylvania, leaving to survive him a widow, Ann DeHaven, and six children, viz.: James, Barbara (wife of George Handwork), Philip, Ann, Harriet and Azariah. On April 1, 1862, a deed for said tract of land was executed to Azariah DeHaven by his brothers and sisters, as heirs of James DeHaven, deceased, for the sum of $6,134.37, subject to the following charge, viz.: ' Subject and charged with the principal sum of $2,044.79 during the lifetime of Ann, the widow of said deceased, the interest of said principal sum to be paid annually on the first day of April to said widow, and after her death the said principal sum of $2,044.79 to be paid immediately to the heirs and legal representatives of said James DeHaven, deceased.' The evidence shows that written on the above-mentioned deed are the accounts of the payment of interest on said sum for many years. The principal of this dower was never paid, and it was not contended by anybody seriously that Azariah DeHaven ever paid any part of it except the share of James, his brother, which was advanced to James, before his mother's death, to enable him to buy a farm.

" The said deed of April 1, 1862, was not recorded until July 11, 1894. At which time Azariah DeHaven borrowed $1,400 and executed a mortgage on three farms, of which the above-mentioned farm was No. 1. Two of these properties were charged with dowers, and said dowers were referred to twice in the mortgage given for the $1,400, as follows: ' The first and second above-mentioned tracts are respectively subject to dowers, as by indentures may appear,' and again, ' subject to the aforesaid dowers.' Azariah's deed and the said mortgage were recorded on the same day, to wit: July 11, 1894, and as soon as recorded sent back to him.

" The learned judge of the orphans' court distributed one-third of this dower, which, with interest, thereon amounted in all to $906.19, to administrators to be appointed of Barbara Handwork, deceased, and it is over this distribution that the contest arises. The executors and devisees of Azariah De-

Haven, deceased, except to this action of the orphans' court, on the ground that the presumption of payment had arisen as to the portion of the dower claimed by the legal representatives of Barbara DeHaven Handwork. The length of time which had elapsed, about twenty-four years, is sufficient to raise the presumption of payment, which presumption, however, is only prima facie and is capable of being rebutted by evidence that in fact there was no payment."

Upon the presentation of the question then made we were of the opinion that the recognition of the so-called dowers in the mortgage above referred to in connection with the payments of interest upon said claim for a period of about fourteen years, with some other slight circumstances, was sufficient to warrant the court below in holding that the so-called dower to Barbara Handwork had not been paid, and we affirmed the decree of the court below, awarding this money, with interest, to administrators of said Barbara.

In support of this we relied on Reed v. Reed, 46 Pa. 239; Eby v. Eby, 5 Pa. 435; McDowell v. McCullough, Administrator, 17 S. & R. 51; Foulk v. Brown, 2 Watts, 209; Levers v. Van Buskirk, 7 W. & S. 70. And on the question of the findings of fact by the court below, we cited Fague's Estate, 19 Pa. Superior Ct. 638; Murphy's Estate, 21 Pa. Superior Ct. 384.

As the matter was then presented to us, we think we reached a correct conclusion, and if it were not for the new questions raised on the reargument, we would be disposed to adhere to that decision.

In our opinion the charge created by the deed of April 1, 1862, comes squarely within the provisions of section 7 of the Act of April 27, 1855, P. L. 368, viz.: " That in all cases where no payment, claim or demand shall have been made on account of, or for any ground rent, annuity or other charge, upon real estate for twenty-one years, or no declaration or acknowledgment of the existence thereof shall have been made within that period by the owner of the premises, subject to such ground rent, annuity or charge, a release or extinguishment thereof shall be presumed, and such ground rent, annuity or charge shall thereafter be irrecoverable."

We think the fund in question was raised from the sale of land charged within the meaning of this act, and, therefore,

our question is, had the claim become irrecoverable before it was presented in the orphans' court in this proceeding? The charge was created by the deed of April 1, 1862, and it would become due and payable immediately on the death of Ann De-Haven, which occurred on March 2, 1876. It appears that the heirs of Barbara Handwork did not present and demand their claim to her share of this charge till May 24, 1902, about twenty-six years after it became due by the very terms of the deed creating it. A careful examination of the evidence in regard to the payment of interest upon this so-called dower charge shows that the last payment of interest was made on March 26, 1875. This was about one year prior to the death of Ann DeHaven. The only other evidence of recognition of the existence of this charge which seems to us worthy of consideration, is contained in the mortgage executed and delivered by Azariah DeHaven, in July, 1904, to Cyrus G. Huyett. In that mortgage occurs the following: "The first and second above-mentioned tracts are respectively subject to dowers, as by indenture may appear," and again, "subject to the aforesaid dowers."

When the case was before us at the former argument, we were of opinion that this was a strong recognition, on the part of Azariah DeHaven, in July, 1894, that the so-called dowers had not been paid. We are still of the opinion that it is some evidence upon that question. But inasmuch as the mortgage was made to a stranger, so far as the Handworks are concerned, we cannot see how it furnishes sufficient evidence to relieve the claim from the effect of the act of 1855.

Counsel for claimants urges that the statute of 1855 was not pleaded in the court below and for that reason it cannot be interposed now. This question was clearly ruled in the appeal of Stephen Wingett, 122 Pa. 486, where, on page 494, Mr. Justice WILLIAMS says : "Nor is it necessary to plead this act. It is a defense under the general issue, and may be set up before an auditor where no formal pleadings are provided for ; and, unless the claimant makes the proof of formal demand, or part payment, or other explicit acknowledgment of the existence of the lien asserted, within the time fixed, the act extinguishes the claim. Proof of mere nonpayment is not enough. The nonpayment must be accounted for consistently with a

positive assertion of the demand on the one hand, or an explicit acknowledgment on the other."

It is urged that the statute of limitations is not applicable in a dower case, the debt being of record, and DeHaven et ux. v. Bartholomew, 57 Pa. 126, is cited. That case was strictly dower, and it was not created by a voluntary deed like our case. Moreover, the plea was non assumpsit infra sex annos, and the question of the effect of the act of 1855 was not considered. It is also contended that the latter act does not relate to dower. That may be conceded, and yet it does not help the argument because in strictness this case was not dower, although so named by the parties. It was a charge upon the land, created by voluntary deed. The Act of June 8, 1893, P. L. 356, and the Act of May 8, 1895, P. L. 44, are also cited. But these acts are not inconsistent with the act of 1855. The act of 1895, by its very terms, covers charges under deed, will, mortgage, dower, recognizance, judgment, decree or other obligation or instrument creating charges upon land and provides a method for the release and discharge of the same after twenty-one years from the maturity of the charge. This act seems to place charges upon land created to secure dower upon the same footing as other charges by deed, etc., and by its plain terms all such charges seem to be barred after the expiration of twenty-one years from the date when the same becomes due and payable, where no payment has been or shall have been made within said period on account of such encumbrance or charge by the owner or owners of the land.

In regard to the claim that the act of April 27, 1855, was not raised in the court below, and, therefore, cannot be raised here, it is sufficient to say that it was contended in the court below that this claim was barred by the lapse of more than twenty-one years without any payment, acknowledgment, recognition or demand for payment having been made. And, therefore, it was the duty of the court below, and also of this court, to take notice of the acts of 1855 and 1895, which are general laws, even though the counsel did not cite said acts or refer to them either in his printed or oral argument. Notwithstanding this, we are of opinion that the exceptants did not lose their legal rights under these statutes because they were not specially pleaded.

The record in the present case furnishes no sufficient evidence to relieve the claim from the operation of the act of 1855, because there is no evidence of such payment, declaration or acknowledgment or demand as will conclusively rebut the legal presumption of extinguishment or release after the lapse of more than twenty-one years from the date when the claim became due.

In Clay v. McCreanor, 9 Pa. Superior Ct. 433, we held, in a careful opinion by RICE, P. J.: " Mere admissions made to a stranger, or implied from transactions with him, may possibly be corroborative, and admissible in evidence upon that ground, where there is proof of a distinct and unequivocal acknowledgment to the ground-rent owner ; but we cannot think that every such loose admission is, of itself, sufficient to make the question of extinguishment or release a question of fact for the jury, if all the other facts essential to bar action exist in the case. The declaration or acknowledgment which the legislature contemplated is one, which, if satisfactorily proved, conclusively, and as a matter of law, rebuts the presumption of extinguishment or release. If the recital in the deed of August 20, 1878, falls short of being such an acknowledgment or declaration, then, by the express stipulation of the case stated, judgment was properly entered for the defendant. It should be noticed that this clause of the deed added nothing whatever to, and took nothing from, the rights or remedies of the ground-rent owner. It was not a declaration or acknowledgment made to him or his agent, or which was intended to inure or did inure by operation of law to his benefit."

It is true the above was a ground-rent case, but the acknowledgment and declaration of the existence of the ground rent was much like the recitation in the mortgage in our case, and this was the only recognition relied upon to rebut the presumption of extinguishment or release on account of no claim or demand having been made within the period of twenty-one years. Therefore, we regard the principle decided applicable to the present case.

If we are correct in holding the claim in question to be a charge upon land, within the meaning of the acts of 1855 and 1895, then it is quite clear there is no more to rebut the presumption of extinguishment or release than was agreed upon

in that case.   To apply a different doctrine to the present case would require the overruling of that case, and we discover no sufficient ground for doubting its soundness.   We are, therefore, of opinion that there was error in not holding the so-called dower charge extinguished and released by the lapse of time. This conclusion requires the sustaining of the 4th and 14th exceptions and the decree of the court below is now reversed, and it is ordered that the fund in question be awarded to the parties lawfully entitled thereto, excluding the claim of the appellee under the so-called dower charge.   And it is further ordered that the legal costs in this appeal be paid out of the fund for distribution.

*Error assigned* was the judgment of the Superior Court.

*W. H. Roland*, with him *W. W. Franklin*, for appellants.

*B. F. Davis*, for appellees.

PER CURIAM, May 24, 1906:
The decree is affirmed on the opinion of the Superior Court.

---

# Kannenberg, Appellant, *v.* Conestoga Traction Company.

*Negligence—Street railways—Crossing—"Stop, look and listen"—Car and wagon—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries it appeared that the plaintiff was riding in a closed laundry wagon going in the direction in which the cars ran, and the only precaution he took before crossing the tracks was to stop and look back when twenty-five or thirty feet from the crossing.   He then drove on slowly and without looking again turned across the tracks, and was struck by a car which he could have seen if he had looked again before turning or when at the edge of the tracks.   *Held*, that a nonsuit was properly entered.

Argued May 14, 1906.   Appeal, No. 304, Jan. T., 1904, by plaintiff, from order of C. P. Lancaster Co., April T., 1902,